UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUNG HUYNH, | ) | Case No.  2:25-cv-07351-JC |
| Plaintiff, | ) | |
| v. | ) | STANDING ORDER |
| GERARD RICHARD WILLIAMS, III, | ) | |
| Defendant. | ) | |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE AND MAY DIFFER FROM THE LOCAL RULES.**

This action has been assigned to the calendar of United States Magistrate Judge Jacqueline Chooljian.  "[T]o secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of the Central District of California ("Local Rule(s)").

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

**1.** **Service of the Complaint and Summons:**    Plaintiff shall promptly serve the Complaint and Summons in accordance with Fed. R. Civ. P. 4 and timely file proofs of

1

service within fourteen (14) days of service pursuant to Local Rules 4-6 and 5-3.1. Absent further order of the Court, any Defendant not timely served shall be dismissed from the action without prejudice and any "Doe" or fictitiously named Defendant who is not identified and served within ninety (90) days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

**2.    Removed Actions:** All documents filed in state court, including documents appended to the complaint, answers, and motions, must be refiled in this Court as a supplement to the Notice of Removal. See 28 U.S.C. § 1447(b). If the defendant has not yet answered or filed a pre-answer motion, the defendant's answer or motion must be filed in this Court and must comply with the Federal Rules of Civil Procedure and the Local Rules. If a motion was pending in state court before the case was removed, it must be renoticed for hearing in accordance with Local Rule 6-1. Counsel shall file with their first notice of appearance a Notice of Interested Parties in accordance with Local Rule 7.1-1.

If the complaint, answer, or any similar pleading in an action that is removed to this Court consists of only a form pleading in which boxes are checked, the parties or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The new pleading must comply with the requirements of Federal Rules of Civil Procedure 7 through 11.

**3.    Presence of Lead Counsel:** The attorney attending any proceeding before this Court, including all scheduling, settlement, and pretrial conferences, must be the lead counsel. Unexcused failure of lead counsel to appear will be grounds for sanctions.

**4.    Rule 26(f) Meeting of Counsel:** Counsel for the parties shall meet personally pursuant to Fed. R. Civ. P. 26(f) and applicable Local Rules to confer on a discovery plan not later than twenty-one (21) days before the Scheduling Conference. Fed. R. Civ. P. 16(b).

**5.    Joint Report of Rule 26(f) Meeting:** The Joint Rule 26(f) Report, which shall be filed not later than fourteen (14) days before the Scheduling Conference, shall be drafted by Plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented

parties there are.  The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page.  It shall address all matters described below, which include those required to be discussed by Fed. R. Civ. P. 26(f) and Local Rule 26:

    a.    **Statement of the Case:**  A brief statement by each party (not to exceed two pages) setting forth the party's factual summary of the case as well as the party's main claims, counterclaims, or affirmative defenses.

    b.    **Subject Matter Jurisdiction:**  A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

    c.    **Legal Issues:**  A brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.

    d.    **Parties, Evidence, etc.:**  A list of parties, percipient witnesses, and key documents on the main issues in the case.  For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

    e.    **Damages:**  The realistic range of provable damages.

    f.    **Insurance:**  Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

    g.    **Motions:**  A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

    h.    **Manual for Complex Litigation:**  Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

    i.    **Status of Discovery:**  A discussion of the present state of discovery, including a summary of completed discovery.

    j.    **Discovery Plan:**  A detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery.  State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted

in phases or otherwise limited, any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, whether applicable discovery limitations should be changed or other limitations imposed, and whether the Court should enter other orders.

    k.    **Discovery Cut-Off:**  A proposed discovery cut-off date.  This means the final day for completion of discovery, including production of all documents, completion of depositions, and resolution of all discovery motions.

    l.    **Expert Discovery:**  Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

    m.    **Dispositive Motions:**  A description of the issues or claims that any party believes may be determined by motion for summary judgment or other dispositive motion.

    n.    **Settlement:**  A statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and a statement pursuant to Local Rule 16-15.4 selecting a settlement mechanism under that Rule.  No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

    o.    **Trial Estimate:**  A realistic estimate of the time required for trial and whether trial will be by jury or by court.  Each side should specify (by number, not by name) how many witnesses it contemplates calling.  If the time estimate for trial given in the Joint Rule 26(f) Report exceeds eight (8) court days, counsel shall be prepared to discuss in detail the estimate.

    p.    **Trial Counsel:**  The name(s) of the attorney(s) who will try the case.

    q.    **Independent Expert:** Whether this is a case where the Court should consider appointing an independent scientific expert.

    r.    **Timetable:**  Counsel should complete the Schedule of Pretrial and Trial Dates form attached to this Order and attach it to the Joint Rule 26(f) Report.  The entries in the "Weeks Before Trial" column reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of

the pretrial conference. The form is designed to enable counsel to ask the Court to set different last dates by which the key requirements must be completed. Each side should write in the month, day, and year it requests for each event. For example, for the expert discovery cut-off the entry might be "5/1/25" for Plaintiff and "5/31/25" for Defendant, if they cannot agree. At the conference, the Court will review this form with counsel. Each entry proposing Court dates shall fall on a Tuesday. In appropriate cases, the Court may order different dates after it hears from counsel. As the Court indicated in subsection (k) above, the discovery cut-off is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must have been heard, not filed. The cut-off date for motions is the last date on which motions may be heard, not filed.

    s.    **Other issues:** A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

    **6.**    **Selection of Mandatory Settlement Procedure:** In conformity with the Local Rules, counsel shall file the settlement procedure selection by the date given by the Court at the time of the Scheduling Conference. Available alternatives for consideration include:

    a.    A settlement conference before an available Magistrate Judge willing to conduct the conference. Parties should contact the Courtroom Deputy Clerk, Kerri Hays, at 213-894-2921 or JC_Chambers@cacd.uscourts.gov, and provide the name of the requested Magistrate Judge. The Courtroom Clerk will then contact the requested Magistrate Judge's Courtroom Clerk to determine availability and dates.

    b.    A settlement conference or mediation before a neutral selected from the Court's Mediation Panel (list available from the Court's website); and

      c.      The employment by the parties of a private judge, mediator, or arbitrator.

      **7.**      **Discovery and Discovery Motions:** All discovery matters will be heard by Judge Chooljian. The Court expects counsel to resolve discovery disputes among themselves in a courteous, reasonable and professional manner and to narrow, to the extent possible, the disputes that are submitted to the Court for resolution. All discovery motions must comport with Local Rule 37, except that counsel need not meet and confer in person absent further order of the Court. This Court typically hears discovery motions remotely on Tuesdays, commencing at 9:30 a.m., but such motions may be noticed for other dates/times **with the prior approval of the Clerk**.

      The discovery cut-off date is the date by which all discovery and discovery motions must be resolved. This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed. Discovery shall be served sufficiently in advance of the cut-off date to resolve all motions regarding discovery prior to the cut-off date. Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

      **8.**      **Non-Discovery Motions–General Requirements:**

      a.      **Time for filing and hearing motions:** Motions shall be filed in accordance with Local Rules 6 and 7. This Court typically hears civil motions on Tuesdays commencing at 9:30 a.m., but such motions may be noticed for hearing on other dates/times **with the prior approval of the Clerk**. Opposition and Reply briefs, including all declarations and supporting documentation, will be rejected if not timely filed in accordance with the Local Rules. No supplemental or sur-reply brief shall be filed without prior leave of Court. Local Rule 7-10. Adherence to the timing requirements is essential for the Court's preparation of motion matters.

      b.      **Pre-filing requirement:** Counsel must comply with Local Rule 7-3 which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution," and to confirm in the notice of

motion that such conference has taken place. Local Rule 7-3. Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The pro per status of one or more parties does not negate this requirement. **Failure to comply with Local Rule 7-3 and to set forth such compliance in the notice of motion may result in the Court striking the motion and/or sanctions.**

    c.    **Length and Format of Motion Papers:** Memoranda of points and authorities in support of or in opposition to motions shall not exceed twenty-five (25) pages. Replies shall not exceed ten (10) pages. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. Documents presented to the Court must comply with the requirements of Local Rule 11-3. Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or a monospaced font may be used. Typeface shall comply with Local Rule 11-3.1.1. Footnotes shall be in typeface no less than one size smaller than text size. Filings that do not conform to the Local Rules and this Order will not be considered.

    **9.**    **Proposed Orders:** Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citation. In addition, an electronic version of all Proposed Orders compatible with Word or WordPerfect must be e-mailed to JC_Chambers@cacd.uscourts.gov. Proposed Orders must be on pleading paper and should not contain attorney names, addresses, etc., on the caption page; should not contain a footer with the document name or other information; and should not contain a watermark designation of the firm name, etc., in the margin.

    **10.**    **Chambers Copies:** Except as to filings which are 100 pages or more and as may otherwise be ordered, the requirement for chambers copies of filings in Local Rules

5-4.5 and 11-4.1.1 is suspended. Counsel must, however, comply with Local Rules 5-4.5 and 11-4.1.1 as to filings that are 100 pages or more, including the provision of tabbed paper copies of such filings. Such chambers copies must be delivered to the mailbox of Judge Chooljian on the 12th Floor of the Edward R. Roybal Federal Building and United States Courthouse at 255 East Temple Street, Los Angeles, CA 90012.

11. **Remote vs. In-Person Hearings:** The Court generally conducts proceedings (except trials, contempt proceedings, dispositive sanctions motions and judgment debtor examinations) remotely. However, the Court is amenable to conducting proceedings in whatever format the parties agree upon, whether that be in-person or remote. If the parties have a preference in this regard, they should confer and, if they agree, should either file an appropriate request or notify the Clerk no less than a week in advance of the proceeding in issue.

12. **Ex Parte Applications:** Ex parte applications are solely for extraordinary relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Applications that fail to conform with Local Rules 7-19 and 7-19.1, including the failure to include a statement of opposing counsel's position, will not be considered or will be denied. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. In addition to the requirements of Local Rules 7-19 and 7-19.1, counsel for the moving party shall serve opposing counsel by email and shall notify opposing counsel that opposition papers must be filed no later than one court day following such electronic service. Counsel shall email a conformed courtesy copy of moving, opposition, or notice of non-opposition papers to JC_Chambers@cacd.uscourts.gov. The Courtroom Deputy Clerk will notify counsel of a hearing date and time if the Court determines a hearing is necessary.

13. **Continuances:** Counsel requesting a continuance must submit -- prior to the date to be continued – a Proposed Stipulation and Order including a detailed declaration of the grounds for the requested continuance or extension of time. Local Rule 7-11. The Court grants continuances only upon a showing of good cause, focusing on the diligence of the

party seeking the continuance and any prejudice that may result if the continuance is denied. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. **Proposed stipulations to continue scheduling dates shall address the effect of such continuance on any other dates previously set by the Court. Such stipulations do not become effective unless and until signed by the Court.**

14. **Communications with Chambers:** Counsel shall not attempt to contact the Court or its chambers staff by telephone, letter, facsimile, e-mail, or by any other ex parte means. Local Rule 83-2.5. Counsel may contact the Courtroom Deputy Clerk, Kerri Hays at 213-894-2921 or via email at JC_Chambers@cacd.uscourts.gov, with appropriate inquiries. To facilitate communication with the Courtroom Deputy Clerk, counsel should include their email address along with their telephone number on all papers.

15. **Proposed Protective Orders and Filing Under Seal:** A Court approved template for a proposed protective order pertaining to discovery is available on the Court's webpage. Proposed protective orders must include a statement of good cause and should not purport to allow, without further order of the Court, the filing under seal of pleadings or documents. The existence of a protective order alone does not justify the filing of pleadings or other documents under seal, in whole or in part.

An application to file documents under seal must meet the requirements of Local Rule 79-5. Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The parties should file both a complete version of the pleadings and documents under seal, and a redacted version for public viewing, omitting only such portions as the Court has ordered may be filed under seal. Counsel must comply with Local Rule 79-5.2.2.

There is a strong presumption of access in civil cases. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For each document or other type of information sought to be filed under seal, the party seeking protection must identify and discuss the factual or legal justification for the Court to find "good cause" or "compelling

9

reasons," as appropriate, that such document or type of information should be protected. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

16. **Specific Motion Requirement**

a. **Motions Pursuant to Fed. R. Civ. P. 12:** Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required under Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. Further, a party has the right to amend the complaint once as a matter of course under the conditions specified in Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or the time for amending it as a matter of course has run, the Federal Rules provide that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of these principles, Plaintiff's counsel should carefully evaluate Defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect. These provisions apply as well to motions to dismiss a counterclaim, answer, or affirmative defense.

b. **Motion to Amend:** In addition to the requirements of Local Rule 15-1 and 15-2, counsel shall attach as an appendix to the moving papers, a "redlined" version of the proposed amended pleading indicating all additions and deletions of material. All motions to amend pleadings shall: (1) state the effect of the amendment; and (2) identify the page and line number(s) and wording of any proposed change or addition of material. The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings (e.g., "Second Amended Complaint," "Third Amended Answer and Counterclaims"). If leave to amend is granted, the filing party must comply with Local Rule 15-1 through 15-3 in filing the amended pleading.

c. **Summary Judgment Motions:** The Court expects that the party moving for summary judgment will strictly observe the timing requirements of the Local Rules and this Standing Order. A motion under Rule 56 must be filed at least **forty-nine (49)** days prior to the date on which the motion is noticed for hearing. The opposition is due no later than

**twenty-one (21)** days before the date designated for the hearing of the motion, and the reply no later than **fourteen (14)** days before the date designated for the hearing of the motion. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the Court in absorbing the facts (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.).  The parties are to comply precisely with Local Rule 56-1 through 56-3.  **No party may file more than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication, without leave from the Court.**

          i.      Statements of Uncontroverted Facts and Genuine Disputes of Material Fact (collectively, "Separate Statements").

The Statement of Uncontroverted Facts, as required by Local Rule 56-1, shall be formatted based on the below example.  Each paragraph should contain a narrowly focused statement of fact addressing a single subject as concisely as possible.

| 1. (Moving party's first uncontroverted fact). | (Supporting evidence citation(s)). |
|---|---|
| 2. (Moving party's second uncontroverted fact). | (Supporting evidence citation(s)). |

The opposing party's Statement of Genuine Disputes of Material Fact (required by Local Rule 56-2) must be in two columns and track the movant's Statement of Uncontroverted Facts exactly as prepared, but must combine the moving party's fact statements and the supporting evidence into one column.  Thus, the first column must restate the allegedly undisputed fact and the alleged supporting evidence, and the second column must state either that the fact proffered by the moving party is undisputed or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed.  Whenever all or part of a proffered fact is disputed, the opposing party must briefly state why it disputes the moving

party's proffered fact, cite to the relevant exhibit(s) or other evidence, and must describe what it is in that exhibit or evidence that refutes the proffered fact. To illustrate:

| | |
|---|---|
| 1. (Moving party's first uncontroverted fact). (Supporting evidence citation(s)). | 1. Undisputed. |
| 2. (Moving party's second uncontroverted fact). (Supporting evidence citation(s)). | 2. Disputed. Plaintiff testified to the contrary. (Pltf's Ex. 12, Bailey Depo. at 25:5-27). |

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant. Presentation of those additional material facts by the non-moving party shall follow the format described above for the moving party's Statement of Uncontroverted Facts. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement.

A Reply fact statement may be filed by the moving party in a manner consistent with Local Rule 56-3. Citations to attached facts or declarations in the Separate Statements should include hyperlinks. The moving, opposing, and reply papers should refer to the numbered paragraphs in the Separate Statements and to the underlying evidence. No legal argument should be set forth in the Separate Statements. Legal argument should be reserved for the parties' briefs. Objections and the relevant Federal Rule of Evidence or other basis therefor may be noted, but citations to case law and/or legal argument should be presented in the separate document described below.

   ii.  Supporting Evidence: No party shall submit evidence other than the specific items of evidence or testimony necessary to support or dispute a proposed statement of uncontroverted fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the Statement of Uncontroverted Facts shall not be submitted in support of or opposition to a motion for summary judgment. The Court will not consider such material. However, when

submitting portions of deposition transcripts and other lengthy documents, the parties should be sure to provide all pages necessary to put the cited portion in context.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity. Citations to evidence should include hyperlinks.

        iii.    **Objections to Evidence.** If a party relies in whole or in part on an evidentiary objection to dispute a material fact, the ground(s) of the objection(s) shall be succinctly stated in a separate statement of evidentiary objections in a two-column format. The left column should identify and describe the item(s) objected to (including page and line number if applicable) and the right column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation. Parties should not submit blanket or boilerplate objections and such objections will be overruled and/or disregarded. Any response to objections shall incorporate and build upon the two-column format set forth in the objections in the same manner as the Statute of Genuine Disputes of Material Fact incorporates and builds upon the Statement of Uncontroverted Facts.

The Court will expressly rule on objections only when it deems it necessary to do. Generally, the Court will expressly rule on objections only as to evidence that factors into the Court's rationale for its rulings.

    **17.**    **Order Setting Scheduling Conference:** Pursuant to Fed. R. Civ. P. 16(b), the Court will issue an Order setting a scheduling conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required. Counsel should be prepared to address questions regarding the trial date and discovery plan.

18. **Parties Appearing without Attorneys:** Pro per/Pro se litigants (*i.e.*, individuals who are without counsel and are representing themselves) are required to comply with all Local Rules, including Local Rule 16. See Local Rule 83-2.2. In this Order (as in the Local Rules, see Local Rule 1-3), the terms "counsel" and "attorney" include parties appearing pro se.

19. **Compliance with Local Rules and Standing Order: At all stages of the proceedings, the parties and counsel are expected to comply with the Local Rules and this Court's standing orders. Before the scheduling conference, counsel shall review the Central District of California's Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information/Attorney Admissions"). Attorneys are expected to adhere to such standards of conduct. Attorneys are required to advise their clients of the terms of this Order.**

20. **Notice of this Order:** Plaintiff shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Notice of Removal, the removing Defendant shall serve this Order on all other parties.

DATED:   August 25, 2025

                        /s/
             Honorable Jacqueline Chooljian
             UNITED STATES MAGISTRATE JUDGE

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME**:**

CASE NO:

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ___days) (**Tuesday**) | 10:00 am | | | | |
| <u>For Court Trial</u><br>Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | | | |
| Pretrial Conference, LR 16;<br>Hearing on Motions in Limine | 1:30 pm | 4 | | | |
| <u>For Jury Trial</u><br>Lodge Pretrial Conference Order, LR 16-7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc.;<br>File Oppositions to Motions in Limine | | 6 | | | |
| <u>For Jury Trial</u><br>File Memo of Contentions of Fact and Law, LR 16-4;<br>Exhibit & Witness Lists, LR 16-5, 6;<br>File Status Report Regarding Settlement;<br>File Motions in Limine | | 7 | | | |
| Last date to conduct Settlement Conf., LR 16-15 | | 12 | | | |
| Last day for **hearing** motions, LR 7 | | 14 | | | |
| Non-expert Discovery Cut-off | | | | | |
| Expert Disclosure (initial) | | | | | |
| Expert Disclosure (rebuttal) | | | | | |
| Expert Discovery Cut-off | | | | | |
| Last Date to Amend Pleadings or Add Parties | | | | | |
| | | | | | |

LR 16-15 Settlement Choice:   ☐ 1. USMJ     ☐ 3. Outside ADR

☐ 2. Attorney Settlement Panel     ☐ 4. Judge Chooljian