UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG HUYNH,<br><br>      Plaintiff,<br><br>  v.<br><br>GERARD RICHARD<br>WILLIAMS, III,<br><br>      Defendant. | Case No. 2:25-cv-07351-JC<br><br>ORDER SETTING SCHEDULING CONFERENCE<br><br><br>Date: September 30, 2025<br>Time: 10:30 a.m. |

      This case has been assigned to, and the parties who have appeared have consented to proceed before, Magistrate Judge Jacqueline Chooljian. This matter is set for a scheduling conference on the above date. The Court will at that time set a date by which motions to amend the pleadings or add parties must be heard.

      The conference will be held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure (hereafter referred to as "Rule __"). The parties are reminded of their obligations under Rule 26(a)(1) to disclose information (without awaiting a discovery request), and under Rule 26(f) to confer on a discovery plan not later than 21 days before the scheduling conference. The parties shall file a "Joint Rule 26(f) Report" with the Court not later than 14 day before the Scheduling Conference. Failure to comply with the following requirements or to cooperate in

the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions.

Counsel should begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery.

This Court does not exempt parties appearing *in propria persona* from compliance with any of the Local Rules, including Local Rule 16. The terms "Counsel," and "Attorney" as used in this order, include parties appearing *in propria persona*.

### 1.   Joint Rule 26(f) Report

The Joint Rule 26(f) Report, which shall be filed **not later than fourteen (14) days** before the Scheduling Conference, shall be drafted by Plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page. It shall address all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

   a.   **Statement of the Case:**  A brief statement by each party (not to exceed two pages), setting forth the party's factual summary of the case as well as the party's main claims, counterclaims, or affirmative defenses.

   b.   **Subject Matter Jurisdiction:**  A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.

   c.   **Legal Issues:**  A brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.

   d.   **Parties, Evidence, etc.:**  A list of parties, percipient witnesses, and

2

key documents on the main issues in the case.  For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

      e.     **Damages:**  The realistic range of provable damages.

      f.     **Insurance:**  Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

      g.     **Motions:**  A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

      h.     **Manual for Complex Litigation:**  Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

      i.     **Status of Discovery:**  A discussion of the present state of discovery, including a summary of completed discovery.

      j.     **Discovery Plan:**  A detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery.  State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, whether applicable discovery limitations should be changed or other limitations imposed, and whether the Court should enter other orders.

      k.     **Discovery Cut-Off:**  A proposed discovery cut-off date.  This means the final day for completion of discovery, including production of all documents, completion of depositions, and resolution of all discovery motions.

      l.     **Expert Discovery:**  Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

      m.     **Dispositive Motions:**  A description of the issues or claims that any

party believes may be determined by motion for summary judgment or other dispositive motion.

      n.    **Settlement:** A statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and a statement pursuant to Local Rule 16-15.4 selecting a settlement mechanism under that Rule. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

      o.    **Trial Estimate:** A realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds eight (8) court days, counsel shall be prepared to discuss in detail the estimate.

      p.    **Trial Counsel:** The name(s) of the attorney(s) who will try the case.

      q.    **Independent Expert:** Whether this is a case where the Court should consider appointing an independent scientific expert.

      r.    **Timetable:** Counsel should complete the Schedule of Pretrial and Trial Dates form attached to this Order and attach it to the Joint Rule 26(f) Report. The entries in the "Weeks Before Trial" column reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the pretrial conference. The form is designed to enable counsel to ask the Court to set different last dates by which the key requirements must be completed. Each side should write in the month, day, and year it requests for each event. For example, for the expert discovery cut-off the entry might be "5/1/25" for Plaintiff and "5/31/25" for Defendant, if they cannot agree. At the conference, the Court will review this form with counsel. Each entry proposing Court dates shall fall on a Tuesday. In appropriate cases the Court may order different dates after it hears from counsel. The discovery cut-off date is the

last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut-off date for motions is the last date on which motions may be heard, not filed.

    s.    **Other Issues:** A statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

**2.**    **Scheduling Conference**

Scheduling Conferences are generally held remotely unless the attorneys request that the Scheduling Conference be conducted in person no later than one week in advance. Any in-person Scheduling Conference will be held in Courtroom 750 of the Edward R. Roybal Federal Building and United States Courthouse at 255 East Temple Street, Los Angeles, CA 90012. Counsel shall comply with the following:

    a.    **Participation**: The lead trial attorney must attend the scheduling conference, unless excused by the Court for good cause shown in advance. When seeking permission not to attend, lead counsel must identify the person who will appear by name and bar number, and specify that person's involvement in the case. The Court may choose to postpone the Scheduling Conference rather than to permit counsel other than lead counsel to attend. Local counsel may not appear at a Scheduling Conference in place of lead counsel. Counsel should not purport to be "co-lead" counsel as a means of avoiding this requirement.

b.  **Continuance**: A continuance of the Scheduling Conference will be granted only for good cause.

**3.  Disclosures to Clients**

Counsel are ordered to deliver to their respective clients a copy of this Order and, upon issuance, of the Court's Scheduling Order, which will contain the schedule that the Court sets.

**Caveat:  If counsel fail to file the required Joint Rule 26(f) Report, or the required pretrial documents, or if counsel fail to appear at the Scheduling Conference, the Pretrial Conference, or any other proceeding scheduled by the Court, and such failure is not satisfactorily explained to the Court:  (a) the case shall be dismissed for failure to prosecute, if such failure occurs on the part of the Plaintiff; (b) default (and thereafter default judgment) shall be entered if such failure occurs on the part of a Defendant; or (c) the Court may take such other action as it deems appropriate.**

IT IS SO ORDERED.

Dated:   August 25, 2025

                                          /s/

                             Honorable Jacqueline Chooljian
                             UNITED STATES MAGISTRATE JUDGE

<u>SCHEDULE OF PRETRIAL AND TRIAL DATES</u>

CASE NAME**:**

CASE NO:

| Matter | Time | Weeks before trial | Plaintiff Request | Defendant Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ___days) (**Tuesday**) | 10:00 am | | | | |
| <u>For Court Trial</u><br>Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | | | |
| Pretrial Conference, LR 16;<br>Hearing on Motions in Limine | 1:30 pm | 4 | | | |
| <u>For Jury Trial</u><br>Lodge Pretrial Conference Order, LR 16-7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc.;<br>File Oppositions to Motions in Limine | | 6 | | | |
| <u>For Jury Trial</u><br>File Memo of Contentions of Fact and Law, LR 16-4;<br>Exhibit & Witness Lists, LR 16-5, 6;<br>File Status Report Regarding Settlement;<br>File Motions in Limine | | 7 | | | |
| Last date to conduct Settlement Conf., LR 16-15 | | 12 | | | |
| Last day for **hearing** motions, LR 7 | | 14 | | | |
| Non-expert Discovery Cut-off | | | | | |
| Expert Disclosure (initial) | | | | | |
| Expert Disclosure (rebuttal) | | | | | |
| Expert Discovery Cut-off | | | | | |
| Last Date to Amend Pleadings or Add Parties | | | | | |
| | | | | | |

LR 16-15 Settlement Choice:  ☐ 1. USMJ          ☐ 3. Outside ADR

☐ 2. Attorney Settlement Panel          ☐ 4. Judge Chooljian

Exhibit A

7