1   Shawn E. Cowles (CA Bar No. 163826)
2   scowles@dhillonlaw.com
    Brandon Q. Tran (CA Bar No. 223435)
3   btran@dhillonlaw.com
4   **DHILLON LAW GROUP INC.**
    4675 MacArthur Court, Suite 1410
5   Newport Beach, CA 92660
    (949) 340-1968 (voice and fax)
6
7   Attorneys for Plaintiff Hung Huynh

8                **IN THE UNITED STATES DISTRICT COURT**
9                **FOR CENTRAL DISTRICT OF CALIFORNIA**
                 **WESTERN DIVISION**
10

11  | HUNG HUYNH, an individual, | Case No.: 2:25-cv-07351-JC |
12  | | |

    HUNG HUYNH, an individual,

                         Plaintiff,

    v.

    GERARD RICHARD WILLIAMS III,
    an individual,

                         Defendant.

    Case No.: 2:25-cv-07351-JC

    **PLAINTIFF HUNG HUYNH'S
    NOTICE OF MOTION AND
    MOTION FOR REMAND AND
    REQUEST FOR ATTORNEY'S
    FEES**

    [Filed concurrently with Declaration of
    Brandon Q. Tran in Support and
    Request for Judicial Notice]

    Judge:   Hon. Jacqueline Chooljian

    Date:         October 7, 2025
    Time:         9:30 a.m.
    Courtroom:  750, 7th Floor

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                              i

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**: that on October 7, 2025, at 9:30 a.m., in Courtroom 750, 7th Floor of the above entitled Court, located Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, or as soon thereafter as this matter may be heard by the Court, Plaintiff Hung Huynh ("Plaintiff"), will and does move for an order remanding this case back to the Superior Court of California, County of Orange from whence it came pursuant to 28 U.S.C. 1332; 1441(b), and 1447(c) on the grounds that: (1) Defendant Gerard Richard Williams III's ("Defendant") Notice for Removal was untimely, as it was filed beyond the 30-day period after service of the summons and complaint, which occurred on November 27, 2024; and (2) removal is barred by the "Forum Defendant Rule" because Defendant is a citizen of California.

**PLEASE TAKE FURTHER NOTICE THAT,** pursuant to 28 U.S.C. 1447(c), Plaintiff requests an order for payment of just costs and actual fees, including attorney's fees in the amount of $14,994.00. (Declaration of Brandon Q. Tran ("Tran Decl."), ¶¶ 24-26.)

This Motion will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Brandon Q. Tran and attached Exhibits; the Proposed Order submitted hereto, all documents of this matter on file and on such other and further oral and documentary evidence that may be presented at the time of hearing on the matter.

## Statement of Relief

Plaintiff seeks an order remanding this matter back to the Superior Court of California, County of Orange and an award of attorney's fees in the amount of $14,994.00 payable from Defendant to Plaintiff.

## Local Rule 7-3 Meet and Confer Compliance

This motion is made following meet and confer communications to counsel pursuant to L.R. 7-3 via electronic correspondence dated August 11, 2025, August 23,

ii

2025, September 1, 2025, and September 2, 2025.   Plaintiff's counsel contacted Defendant's counsel approximately ten (10) times to coordinate a telephone conference to discuss this motion.   (Declaration of Brandon Q. Tran ("Tran Decl."), ¶¶ 9-22.) Although Defendant's counsel stated that he would call Plaintiff's counsel to discuss on several occasions, he never did.   Instead, Defendant's counsel provided excuses as to why he and his colleagues could not call.   (*Id.*)   But even after Plaintiff's counsel complied with Defendant's requests, Defendant's counsel still did not call to meet telephonically.   (*Id.*)

As a result, despite Plaintiff's counsel's consistent and considerable efforts, Defendant's counsel did not participate in a telephone conference.   Defendant's counsel's conduct was particularly  bewildering because there are **<u>eight</u>** separate law firms representing Defendant in the state action but no one had the time to call Plaintiff despite the numerous requests.  (Tran Decl., ¶ 23.)

Date:  September 4, 2025            **DHILLON LAW GROUP INC.**


By:<u>*/s/ Brandon Q. Tran*</u>
Shawn E. Cowles
Brandon Q. Tran
Attorneys for Plaintiff Hung Huynh

**PLAINTIFF HUNG HUYNH'S MOTION TO REMAND**

1
2
## TABLE OF CONTENT:

3  I.      INTRODUCTION ................................................................. 1

4  II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND............. 1

5  III.    LEGAL AUTHORITIES ..................................................... 3

6          A.    Legal Standard ................................................ 3

7          B.    Defendant's Notice Of Removal Was Untimely ..................... 3

8          C.    Removal Was Improper Pursuant To The Forum Defendant Rule
                 Because Defendant Is A Citizen Of California....................... 5

9
10         D.    The Court Should Award Attorney's Fees To Plaintiff For All
                 The Costs Incurred Due To Defendant's Baseless Notice of
                 Removal .................................................... 12

11
12         E.    This Motion For Remand Is Timely ............................. 13

   IV.     CONCLUSION ........................................................ 13

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF HUNG HUYNH'S MOTION TO REMAND**

# TABLE OF AUTHORITIES:

## CASES

*Acridge v. Evangelical Lutheran Good Samaritan Soc.*,
    334 F3d 444, 448 (5th Cir. 2003)...................................................................11

*Altimore v. Mt. Mercy College*,
    420 F3d 763, 768-769 (8th Cir. 2005) ..........................................................11

*Circle Industries USA, Inc. v. Parke Const. Group, Inc*.,
    183 F.3d 105, 109 (2nd Cir. 1999).................................................................13

*Coury v. Prot*,
    85 F.3d 244, 250 (5th Cir. 1996).....................................................................12

*District of Columbia v. Murphy*,
    314 U.S. 441, 445 (1941) ................................................................................11

*Freeman v. Nw. Acceptance Corp.*,
    754 F.2d 553, 555 (5th Cir. 1985)...................................................................10

*Fristoe v. Reynolds Metals Co*.,
    615 F.2d 1209, 1212 (9th Cir. 1980)................................................................3

*Gaus v. Miles, Inc*.,
    980 F.2d 564, 566 (9th Cir. 1992)................................................................3, 4

Hollinger v. Home State Mut. Ins. Co.,
    654 F.3d 564, 571 (5th Cir. 2011)...................................................................11

*Johnson v. Heublien, Inc.*,
    227 F.3d 236, 244 (5th Cir. 2000)....................................................................5

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853, 857 (9th Cir. 2001)............................................................10, 11

*Lew v. Moss*,
    797 F.2d 747, 749-50 (9th Cir. 1986) .................................................10, 11, 12

*Lively v. Wild Oats Mkts, Inc.*,
    456 F.3d 933, 939 (9th Cir. 2006).....................................................................6

**PLAINTIFF HUNG HUYNH'S MOTION TO REMAND**

*Martin v. Franklin Capital Corp.*,

    546 U.S. 132, 136 (2005) ...................................................................13

McCaa v. Massachusetts Mut. Life Ins. Co.,

    330 F.Supp.2d 1143, 1146 (D. NV 2004) .......................................13

*Middleton v. Stephenson*,

    749 F3d 1197, 1201-1202 (10th Cir. 2014) ...................................11

*Shamrock Oil & Gas Corp. v. Sheets*,

    313 U.S. 100, 108-109 (1941).............................................................4

*State Farm Mut. Auto. Ins. Co. v. Dyer*,

    19 F.3d 514, 520 (10th Cir. 1994)....................................................11

*Washington v. Hovensa LLC*,

    652 F3d 340, 344 (3rd Cir. 2011) ....................................................11

*Willis v. Westin Hotel Co.*,

    651 F. Supp. 598, 601 (S.D.N.Y. 1986) .........................................11

**STATUTES**

28 U.S.C. § 1441(a) ............................................................................3

28 U.S.C. § 1441(b)(2) ...........................................................1, 6, 13

28 U.S.C. § 1446(b)(1) ......................................................................3

28 U.S.C. § 1446(b)(3) ....................................................................13

28 U.S.C. § 1782 ................................................................................8

28 U.S.C. 1447(c) ............................................................................13

**PLAINTIFF HUNG HUYNH'S MOTION TO REMAND**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendant Gerard Richard Williams III's ("Defendant") Notice of Removal is the latest in a series of efforts to delay Plaintiff Hung Huynh ("Plaintiff") prosecution of the underlying action.  With this Motion for Remand, Plaintiff seeks to return this action back to the where it rightfully belongs – the Superior Court of California, County of Orange.

Despite being served with the Summons and Complaint on November 27, 2024, filing a motion to dismiss this matter with the state court, filing a motion for reconsideration before that same court, and then filing a Petition for Writ of Mandate state appellate court, Defendant finally filed his Notice of Removal on August 7, 2025. In support of his Notice of Removal, Defendant contends that he did not know until July 8, 2025, that the ligation was active and thus, the 30-day period should run from that date.  Defendant's position is baseless.  This litigation was active and removable when the clerk rightfully rejected the unauthorized request for dismissal.  That occurred on December 16, 2024.  At that point, the litigation was active and removable, but Defendant chose to file a motion before the Superior Court of California and later, an appeal of the state court's decision.

Even if the Notice of Removal was timely, the Court should still remand this matter back to the Superior Court of California based on the "Forum Defendant Rule" set forth in 28 U.S.C. § 1441(b)(2).  In trying to avoid the Forum Defendant Rule, Defendant and his counsel falsely claim that he is a citizen of Missouri.  As demonstrated below, Defendant previously filed numerous pleadings, including declarations, confirmed that he is a resident of California, works in California, and is a citizen of California.

**II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

This is a personal injury matter that arose from a concert held at Defendant's residence in Orange County, California.  (*See* Dkt. No. 1-5, Complaint for Damages, ¶

1

1.)  On October 31, 2024, Huynh filed his Complaint in the Superior Court for the State of California, County of Orange, Case No. 30-2024-01436961-CU-PO-CJC.  (*Id.*)

On November 27, 2024, Plaintiff served the Summons and Complaint on Defendant.  (Dkt. No. 1-7, Notice and Acknowledgement of Receipt - Civil.)

On December 2, 2024, five days after Plaintiff served Defendant with the Summons and Complaint, Plaintiff's then-counsel submitted an unauthorized Request for Dismissal.  Plaintiff's counsel advised the court of the erroneous filing and on December 16, 2024, the clerk entered a Notice of Rejection of Electronic Filing at the direction of the court.  (Dkt. No. 1-9 [stating, "[p]er the courtroom, rejected at the request of Olivia Maclay at Wilshire Law Firm"].)

On December 27, 2024, Defendant filed his notice of appearance of counsel and Motion for Order Directing the Clerk to Enter an Order Recognizing the Voluntary Dismissal of this Action with Prejudice.  (*See* Dkt. No. 1-10.)  Plaintiff opposed the motion on the grounds that he did not authorize the filing and the submission was due to an error.  The trial court heard oral arguments on July 7, 2025, and issued its final ruling on July 8, 2025, siding with Plaintiff and denying Defendant's Motion to Enforce Dismissal.  (Tran Decl., ¶ 5 and Dkt. No. 1-14 [Minute Order dated July 8, 2025, Denying Defendant's Motion].)

Thereafter, on July 10, 2025, Defendant filed a Motion for Reconsideration.  (Dkt. No. 1-16 [Defendant's Motion for Reconsideration].)

On July 28, 2025, Defendant filed a Petition for Writ of Mandate, Prohibition, or Other Extraordinary Relief to appeal the state trial court's decision.  (Tran Decl., ¶ 6 and Defendant's Petition for Writ of Mandate, attached as Exhibit K.)

On August 1, 2025, Plaintiff served an initial round of written discovery on Defendant, consisting of Form Interrogatories, Request for Production and Request for Inspection.  (Tran Decl., ¶ 8.)

The California Court of Appeals denied the Petition for Writ of Mandate on August 7, 2025.  (Tran Decl., ¶ 7 and Order Denying Petition for Writ of Mandate,

1  attached as Exhibit L.)

2       On August 7, 2025, exactly 30 days later and after the Court of Appeals denied

3  his Petition for Writ of Mandate, Defendant filed his Notice of Removal to federal

4  court based on diversity jurisdiction.  (Dkt. No. 1-1 [Defendant Gerard Richard

5  Williams III's Notice of Removal].)  In his Notice of Removal, Defendant contends

6  that this Court has subject matter jurisdiction due to diversity of the parties in that

7  Plaintiff is a citizen of Vietnam, while Defendant is a citizen of Missouri.  (Dkt. No. 1

8  at ¶ 12.)

9  ## III.   LEGAL AUTHORITIES

10      ### A.    Legal Standard

11      A defendant may remove a case from state to federal court by filing a notice of

12  removal that lays out the grounds for removal.  (28 U.S.C. § 1441(a).)  A "notice of

13  removal may be filed within 30 days after receipt by the defendant, through service or

14  otherwise, of a copy of an amended pleading, motion, order or other paper from which

15  it may first be ascertained that the case is one which is or has become removable." (28

16  U.S.C. § 1446(b)(1), (2), and (3).)  The removal statute's "time limit is mandatory and

17  a timely objection to a late petition will defeat removal...." (*Fristoe v. Reynolds Metals

18  Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).)

19      A motion for remand shifts the burden of establishing federal jurisdiction to the

20  removing defendant.  (*Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).)  In a

21  motion for remand, the removing defendant faces a **strong presumption** against

22  removal and must prove by a preponderance of evidence whatever is necessary to

23  support removal -- *i.e.*, the existence of diversity, amount in controversy, and/or the

24  dates of service, and that all procedural requirements have been met.  (*Id*.)  "Federal

25  jurisdiction must be rejected if there is **any doubt** as to the right of removal in the first

26  instance." (*Id*.)  [Emphasis added.]

27      ### B.    Defendant's Notice Of Removal Was Untimely

28      Defendant removed this case *eight months* late.  The 30-day removal clock

3

started on November 27, 2024, when Plaintiff served Defendant with the Summons and Complaint. (Dkt. No. 1-7 [Exhibit 7: Proof of Service].) That original filing gave Defendant notice of the basis he now uses for removal—diversity of citizenship. (*See* Dkt. No. 1-5 [Complaint for Damages].)

Defendant argues that it was not until July 8, 2025, when the state trial court denied his Motion for Order Directing the Clerk to Enter an Order Recognizing the Voluntary Dismissal of this Action with Prejudice, that Defendant could first ascertain that the State Court deemed this a "live, active, and therefore removable controversy." (Dkt. No. 1 at 4, ¶ 19.) This position is wrong for a myriad of reasons.

*First*, courts construe removal statutes restrictively and any doubts about removability are resolved in favor of remanding the case to state court. (*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941) and *Gaus*, 980 F.2d at 566.) Under the statute, there is no provision that allows Defendant delay beyond the 30-day period to file his notice of removal, while a motion is pending before the state court.

*Second*, Defendant's claim as to when he first learned of a live, active, and therefore, removable lawsuit is baseless. Defendant first ascertained that the state court considered this a live and active controversy on December 16, 2024, when the court rejected the Request for Dismissal. (*See* Dkt. No. 1-9.) Defendant demonstrated his understanding that the court considered the case live and active when he promptly filed the Motion for Order Directing the Clerk to Enter an Order Recognizing the Voluntary Dismissal of this Action with Prejudice, on December 27, 2024. (*See* Dkt. No. 1-10.) The fact that Defendant filed his Motion means that the action was active. Because the first "order or other paper" from which Defendant could have "first ascertained" that the case was active and removable was the December 16, 2024, Notice of Rejection of Electronic Filing, his Notice of Removal eight months later was untimely.

*Third*, even if this Court were to accept Defendant's argument that he could not have ascertained that the case was removable until the state court issued its *second* order on July 8, 2025, his Notice of Removal is still untimely. Defendant's 30-day

4

clock had already run for either: (i) five days between the time Defendant was served and when the unauthorized Request for Dismissal was submitted, or (ii) 19 days between the time Defendant was served and the Notice of Rejection was provided on December 16, 2024.  Defendant waited an *additional* 30 days after the court denied his Motion to Enforce Dismissal to file his Notice of Removal.  Therefore, his notice of removal was still untimely.

*Finally*, Defendant waived any right to remove this matter by invoking the jurisdiction of the Superior Court of California.  (*Johnson v. Heublien, Inc.*, 227 F.3d 236, 244 (5th Cir. 2000) [finding waiver of right to remove by filing two motions to dismiss and a motion for summary judgment in the state court proceeding].)  On several occasions, Defendant filed motions, or appeals, that confirmed his desire to have the underlying action in the Superior Court of California.  Defendant confirmed his intent to pursue the matter in state court by: (i) filing the Motion for Order Directing the Clerk to Enter an Order Recognizing the Voluntary Dismissal of this Action with Prejudice with the Superior Court of California on December 27, 2024, (ii) filing the Motion for Reconsideration on July 10, 2025, and (iii) filing the Petition for Writ of Mandate with the California Court of Appeals on July 28, 2025.  All these acts confirmed that Defendant intended to defend this action in state court, not federal court.  Consequently, Defendant has waived his right to remove this action.

C.     **Removal Was Improper Pursuant To The Forum Defendant Rule Because Defendant Is A Citizen Of California**

The "Forum Defendant Rule" is a major limitation to removal jurisdiction in diversity cases.   A civil action that is otherwise removable based on diversity jurisdiction is prohibited when a defendant who is a citizen of the forum state in which the plaintiff originally filed the case:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed ***if any of the parties in interest properly joined and served as defendants is a citizen of the State***

5

1

*in which such action is brought*.

2

(28 U.S.C. § 1441(b)(2).) [Emphasis added.]

3

4        The Forum Defendant Rule "confines removal on the basis of diversity

5   jurisdiction to instances where no defendant is a citizen of the forum state." (*Lively v.*

6   *Wild Oats Mkts, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).)  The rationale of the rule is

7   that "[r]emoval based on diversity jurisdiction is intended to protect out-of-state

8   defendants from possible prejudices in state court" and that "[t]he need for such

9   protection is absent … in cases where the defendant is a citizen of the state in which

    the case is brought." (*Id.* at 940.)

10       Here, to avoid the application of the Forum Defendant Rule, Defendant and his

11  counsel submitted false evidence in the Notice of Removal.  In particular, the Notice

12  of Removal claims that Defendant is a citizen of Missouri (see, Dkt. No. 1 at ¶ 12) and

13  the Declaration of Gerard Richard Williams III claims that he is domiciled at 1110 N.

14  19th Avenue, Ozark, Missouri 65721 (Dkt. No. 1-2, page 1, line 12).  However, prior

15  to submitting the Notice of Removal and his declaration in support, Defendant and his

16  counsel have filed numerous pleadings and declarations in other actions where he

17  stated that he resides in California, works in California, and is a California citizen.  As

18  set forth below, the facts that Defendant resides in California, works in California, and

19  is a California citizen, were repeated numerous times prior to the Notice of Removal:

20  • On December 2, 2024, Defendant filed a separate lawsuit against Plaintiff

21     Huynh in the Superior Court of the State of California, County of Orange, in

22     which Defendant admits to being a "**citizen of the State of California**, and

23     resident of the County of Orange."  (Tran Decl., ¶ 2(a) and Complaint and

24     Demand for Jury Trial, ¶ 1, attached as Exhibit A.)  [Emphasis added.]  The

25     complaint goes on to allege that Defendant "owned the Property and its

26

27

28

6

fixtures." (*Id*. at ¶ 3.)  The "Property" is defined as Defendant's home in Orange County, California.  (*Id*. at ¶ 2.)[1]

- On December 9, 2024, Defendant filed a First Amended Complaint.  Again, Defendant confirms that he is a "citizen of the State of California, and resident of the County of Orange."  (Tran Decl., ¶ 2(b) and First Amended Complaint and Demand for Jury Trial, ¶ 1, attached as Exhibit B.)  It should be noted that the attorney who filed both the Complaint and First Amended Complaint on behalf of Defendant was the Law Offices of Paul N. Philips, APLC, which is the same law firm that filed the Notice of Removal.

- On December 30, 2024, Defendant filed an Original Petition in Harris County, Texas, alleging claims for defamation against various defendants relating to this matter.  In the Original Petition, Defendant alleges that he is "a resident of California."  (Tran Decl., ¶ 2(c), Original Petition attached as Exhibit C.)

- On February 13, 2025, Defendant submitted a Verified Second Amended Petition, Application for Temporary Injunction, Permanent Injunction, and Request for Disclosures in Harris County, Texas.  Again, this Second Amended Petition related to this matter as it sought relief against various YouTubers who discussed this case.  In the Verified Second Amended Petition, Defendant states that he is "a private individual residing in California and a former resident of Texas." (Tran Decl., ¶ 2(d) and Verified Second Amended Petition, ¶ 9, attached as Exhibit D.)  Defendant's declaration confirms he signed it in Orange County, California:

> I declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on February 13, 2025, in Orange County, California.

---

[1] Defendant further confirms his knowledge, as of December 2, 2024, that he knew Plaintiff is a citizen of Vietnam.  (Tran Decl., ¶ 2(a) and Complaint and Demand for Jury Trial, ¶ 2, attached as Exhibit A.)

7

- On February 12, 2025, Defendant provided testimony, under the penalty of perjury, at a motion hearing in Harris County, Texas. Under questioning from his counsel, Defendant testified that he worked for Qualcomm in San Diego and that he lived in Orange County, California. (Tran Decl., ¶ 2(e) and Transcript of Feb. 20, 2025, hearing, pages 71:11-72:11, attached as Exhibit E.)

- On February 25, 2025, in support of an Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding, where Defendant sought Plaintiff's deposition, Defendant submitted a declaration wherein he attested that: (i) he works for Qualcomm Technologies, which is headquartered in San Diego, California; (ii) that he, along with his wife, Tuyen Williams, and his children, live in Central District of California, and (iii) that he has forged a strong relationship with the Vietnamese community in Orange County. (Tran Decl., ¶ 2(f) and Declaration Gerard Richard Williams III in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding, ¶¶ 2-4, attached as Exhibit F.) He further confirms that the residence in Orange County where the injury occurred is his "home" and "residence." (*Id*. at ¶¶ 6 and 13.)

- Within his *Ex Parte* Application filing, Defendant attached his Verified Supplemental Second Amended Petition, Application for Temporary Injunction, Permanent Injunction, and Request for Disclosures, wherein Defendant confirmed that he worked for Qualcomm in San Diego. (Tran Declaration, ¶ 2(g) and Verified Supplemental Second Amended Petition, ¶ 23, attached as Exhibit G.)

- On May 12, 2025, Defendant submitted his declaration in support of his Response to anti-SLAPP motions. In the declaration, Defendant attested that his address is: 4 Shoreview Dr., Newport Coast, CA 92657. (Tran Declaration, ¶ 2(h) and Declaration in support of response to anti-SLAPP motions, ¶ 58,

8

attached as Exhibit H.)  As with his other declaration, this one was signed in Orange County, California:

Executed in Orange County, State of California on May 12, 2025.

GERARD RICHARD WILLIAMS III

- On February 13, 2020, years before the events leading up to the filing of the underlying lawsuit arose, Defendant was involved in another litigation with his prior employer Apple, Inc.  In a Cross-Complaint that Defendant filed against Apple, Inc. in the Superior Court of California, County of Santa Clara, Defendant alleged that he is a resident of California.  (Tran Declaration, ¶ 2(i) and Cross-Complaint against Apple, Inc., ¶ 6, attached as Exhibit I.)

This is a significant point that should not be disregarded – the attorneys who filed the prior pleadings admitting that Defendant is a California citizen, residing and working in California, are the same attorneys representing Defendant in this action.

Outside of his prior court filings, additional evidence confirms that he is a citizen of California.  Defendant's LinkedIn page confirms his location as being in California:



**PLAINTIFF HUNG HUYNH'S MOTION TO REMAND**

1  (*See*, https://www.linkedin.com/in/gerard-williams-iii-27895aa; Tran Decl., ¶ 3.)

2  Defendant's LinkedIn page further confirms that he has been employed in California

3  since 2010, when he began working for Apple:



13  (*Id*.)

14        Defendant's filings above confirmed that his wife, Tuyen Nguyen Williams lives

15  in California with him.  In addition, Defendant's wife also operates her own business

16  from their residence in Orange County, California.  Defendant's wife operates the

17  entity TT Entertainment, LLC, which is in the business of "Entertainment &

18  Performance Promotion."  The entity's principal place of business is 4 Shoreview,

19  Newport Beach, CA 92657.  (Tran Decl., ¶ 4 and Statement of Information, attached

20  as Exhibit J.)        Outside of his admissions in his court filings that he is a citizen of

21  California, the facts provided in his filings confirm Defendant is a California citizen.

22  "The natural person's state citizenship is … determined by her state of domicile."

23  (*Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001); *see also, Freeman*

24  *v. Nw. Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985) [" 'For purposes of federal

25  diversity jurisdiction 'citizenship' and 'domicile' are synonymous.' "].)  "[A] person

26  is 'domiciled' in a location where he or she has established a 'fixed habitation or abode

27  in a particular place, and [intends] to remain there permanently or indefinitely.' " (*Lew*

28  *v. Moss,* 797 F.2d 747, 749-50 (9th Cir. 1986).)  Thus, a person's domicile is their

10

"permanent home." (*Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).) "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." (*Lew,* 797 F.2d at 750.)

In determining a party's domicile, the first step is to determine his or her current state of residence, because "[a]n individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile." (*Willis v. Westin Hotel Co.,* 651 F. Supp. 598, 601 (S.D.N.Y. 1986); *see also,* Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011); ac*cord, State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) [holding "[r]esidence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile."].) As the Supreme Court explained, "[t]he place where a [person] lives is properly taken to be his domicile until facts adduced establish the contrary." (*District of Columbia v. Murphy,* 314 U.S. 441, 445 (1941).)

A person's intent to make a state his domicile is gauged by various objective factors: e.g., length of residence, employment, location of assets, voting registration, address shown on driver's license, payment of state taxes, receipt of mail, representations in public documents, location of family, connections to the community, etc. (*Lew*, 797 F.2d at 750; *Middleton v. Stephenson*, 749 F3d 1197, 1201-1202 (10th Cir. 2014); *Washington v. Hovensa LLC*, 652 F3d 340, 344 (3rd Cir. 2011); *Altimore v. Mt. Mercy College*, 420 F3d 763, 768-769 (8th Cir. 2005); *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F3d 444, 448 (5th Cir. 2003).)

A party who claims that he or she changed their pre-existing domicile for a new one must come forward with objective evidence establishing not only presence in the new state, but an intent to make the new state his permanent home and remain there indefinitely.  Providing acceptable objective evidence of *intent* to change a prior domicile is often the toughest requirement.  As one court explained:

1

2

3

> [The] mere presence in a new location does not effect a change
> of domicile; it must be accompanied with the requisite intent. In
> most cases, the difficult issue is not presence but whether the
> intent to change domicile can be shown.

4  (*Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).)  The determination of whether the

5  party had the intent to change his domicile "involves a number of factors (no single

6  factor controlling)," but it must always be "evaluated in terms of 'objective

7  facts.'" (*Lew,* 797 F.2d at 750.)

8    Here, Defendant confirms he resides in California.  Defendant confirms that his

9  wife and their children reside with him in California.  The principal place of business

10  for Defendant's wife's business is in California.  Defendant admits to owning the

11  residence in Orange County, California, which is the subject of this lawsuit.

12  Defendant's current employment is in California.  Defendant was previously employed

13  by numerous technology companies in California, beginning in 2010.  Defendant has

14  strong ties to the local Vietnamese community in Orange County, California.  Every

15  declaration that Defendant signed confirms his presence in California.  Interestingly,

16  in his declaration in support of the Notice of Removal, Defendant does not state where

17  he signed the declaration.  Plaintiff believes that this omission was intentional, so that

18  Defendant could hide his connection to California.

19    Finally, Defendant's declaration claiming that he is a citizen of Missouri is

20  entitled to little weight.  (*Lew*, 797 F.2d at 750 [holding that "statements of intent are

21  entitled to little weight when in conflict with the fact."].)  Until Defendant provides

22  actual evidence that he is a citizen of Missouri, the overwhelming evidence, as well as

23  his admissions confirm he is a citizen of California.  As a result, under the Forum

24  Defendant Rule, Defendant cannot remove this matter to the Central District Court.

25    **D.    The Court Should Award Attorney's Fees To Plaintiff For All The**

26    **Costs Incurred Due To Defendant's Baseless Notice of Removal**

27    In granting a motion for remand, the federal court may order the defendant to

28  pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred

12

as a result of the removal." (28 U.S.C. 1447(c); *See Martin v. Franklin Capital Corp*., 546 U.S. 132, 136 (2005).) The statutory purpose is to deter the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly. (*Circle Industries USA, Inc. v. Parke Const. Group, Inc*., 183 F.3d 105, 109 (2nd Cir. 1999).

Plaintiff should be awarded his costs and attorney's fees incurred relative to the improper Notice of Removal and this Motion for Remand. Defendant's Notice of Removal was plainly untimely. Removal was also clearly improper under the Forum Defendant Rule, which Defendant and his counsel attempted to avoid my falsely claiming that Defendant is a citizen of Missouri. As a result, pursuant to 28 U.S.C. 1447(c), the Court should order Defendant to pay Plaintiff's reasonable costs and attorney's fees incurred in responding to the removal and obtaining the remand to state court. As set forth in the Declaration of Brandon Q. Tran, his office had to incur $14,994.00 in fees due to this improper removal. (Tran Decl., ¶¶ 24-26.) This sum does not include all the unnecessary fees that are associated with the Rule 26(f) conference (which would have been unnecessary if this matter was litigated in the California Superior Court) or the drafting of the joint report for the Court. (*Id*. at ¶ 27.)

## E.   This Motion For Remand Is Timely

A motion for remand must be filed within thirty days of receipt of the notice of removal. (28 U.S.C. §1447(c); *see, McCaa v. Massachusetts Mut. Life Ins. Co*., 330 F.Supp.2d 1143, 1146 (D. NV 2004).)

Here, Plaintiff received Defendant's Notice of Removal on August 7, 2025, and filed his Motion for Remand on September 4, 2025. Thus, this Motion for Remand is timely.

## IV.   CONCLUSION

This case must be remanded because (1) Defendant is a citizen of California—a fact which precludes removal based on diversity of citizenship under 28 U.S.C. § 1441(b); and (2) Defendant filed his Notice of Removal eight months out of time in violation of 28 U.S.C. § 1446(b)(3). Accordingly, Plaintiff Huynh respectfully requests

13

that the Court issue an order remanding this matter back to the Superior Court of California, County of Orange, an award of attorney's fees and costs in the amount of $14,994.00, and for all further relief to which he may be justly entitled.

Date:  September 4, 2025                    **DHILLON LAW GROUP INC.**


By:_/s/ Brandon Q. Tran_____
                                          Shawn E. Cowles
                                          Brandon Q. Tran
                                 Attorneys for Plaintiff Hung Huynh

14