Shawn E. Cowles (CA Bar No. 163826)
scowles@dhillonlaw.com
Brandon Q. Tran (CA Bar No. 223435)
btran@dhillonlaw.com
**DHILLON LAW GROUP INC.**
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660
(949) 340-1968 (voice and fax)

Attorneys for Plaintiff Hung Huynh

# IN THE UNITED STATES DISTRICT COURT
# FOR CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HUNG HUYNH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> GERARD RICHARD WILLIAMS III, an individual, <br><br> Defendant. | Case No.: 2:25-cv-07351-JC <br><br> **DECLARATION OF BRANDON Q. TRAN IN SUPPORT OF MOTION FOR REMAND** <br><br> [Filed concurrently with Notice of Motion and Motion for Remand, and Request for Judicial Notice] <br><br> Judge:   Hon. Jacqueline Chooljian <br><br> Date:         October 7, 2025 <br> Time:         9:30 a.m. <br> Courtroom: 750, 7th Floor |

1

**DECLARATION OF BRANDON Q. TRAN IN SUPPORT**

I, Brandon Q. Tran, declare as follows:

1. I am a senior counsel with the law firm of Dhillon Law Group, counsel of record for Plaintiff Hung Huynh ("Plaintiff") in this action. I submit this declaration in support of Plaintiff's Motion for Remand. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Because I am litigating this matter against Defendant Gerard Richard Williams III ("Defendant"), I have obtained and received numerous filings submitted by Defendant in other related matters. This includes the following:

    a) The Complaint Defendant filed against Plaintiff in the Superior Court of the State of California, County of Orange, on December 2, 2024, that arose from the same incident that gave rise to Plaintiff's Complaint. A true and correct copy of the Complaint is hereto as attached as **Exhibit A**.

    b) The First Amended Complaint that Defendant filed against Plaintiff on December 9, 2024, in the Superior Court of the State of California, County of Orange. Again, this First Amended Complaint arises from the same incident that gave rise to Plaintiff's Complaint. A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

    c) Defendant's Original Petition filed on December 30, 2024, in the County Civil Court of Harris County, Texas, alleging claims for defamation against various defendants concerning their statements relating to the subject matter of Plaintiff's Complaint. A true and correct copy of the Original Petition is attached hereto as **Exhibit C**.

    d) Defendant's Verified Second Amended Petition, Application for Temporary Injunction, Permanent Injunction, and Request for

Disclosures filed on February 13, 2025, in County Civil Court of Harris County, Texas, alleging claims of defamation against defendants concerning their statements relating to the subject matter of Plaintiff's Complaint. A true and correct copy of the Second Amended Petition is attached hereto as **Exhibit D**.

e) On February 12, 2025, Defendant provided testimony, under the penalty of perjury, at a motion hearing in Harris County, Texas. Under questioning from his counsel, Defendant testified that he worked for Qualcomm in San Diego and that he lived in Orange County, California. A true and correct copy of that Transcript of Feb. 20, 2025 hearing, pages 71:11-72:11, attached hereto as **Exhibit E**.

f) Defendant's Declaration in support of his Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding filed on February 25, 2025, in the Central District of California, where Defendant sought Plaintiff's deposition. A true and correct copy of the Declaration is attached hereto as **Exhibit F**.

g) Defendant's Verified Supplemental Second Amended Petition, Application for Temporary Injunction, Permanent Injunction, and Request for Disclosures, filed on February 17, 2025, in the County Civil Court of Harris County, Texas, against various defendants concerning their statements relating to this matter. A true and correct copy of the Supplemental Second Amended Petition is attached hereto as **Exhibit G**.

h) Defendant's Declaration in support of his Response to anti-SLAPP motions filed on May 12, 2025, relating to his defamation claims that arose from Plaintiff's Complaint. A true and correct

3

**DECLARATION OF BRANDON Q. TRAN IN SUPPORT**

copy of the Declaration is attached hereto as **Exhibit H**.

i) Defendant's Cross-Complaint filed in the Superior Court of California, County of Santa Clara on February 13, 2020 that alleges that he is a resident of California. A true and correct copy of the Cross-Complaint is attached hereto as **Exhibit I**. I did not receive this Cross-Complaint as part of my work for this litigation and instead obtained this through searching the court's docket and Westlaw.

3. In addition to the filings above, other evidence confirms that Defendant is a California citizen. Defendant's LinkedIn page, which can be found at: "https://www.linkedin.com/in/gerard-williams-iii-27895aa" confirms he is located in California. His employment history, as set forth in the LinkedIn page, confirms that he has been working in California since 2010.

4. In addition, Defendant's wife, Tuyen Nguyen Williams, also operates her own business from their residence in Orange County, California. Defendant's wife operates the entity TT Entertainment, LLC, which is in the business of "Entertainment & Performance Promotion." The entity's principal place of business is 4 Shoreview, Newport Beach, CA 92657. Attached hereto as **Exhibit J** is a true and correct copy of the entity's Statement of Information that I obtained from the California Secretary of State website.

5. Prior to filing the Notice of Removal, Defendant filed several motions before the California state court. For example, on December 27, 2024, Defendant filed his notice of appearance of counsel and Motion for Order Directing the Clerk to Enter an Order Recognizing the Voluntary Dismissal of this Action with Prejudice. Plaintiff opposed the motion on the grounds that the filing was not authorized and due to error. The trial court heard oral arguments on July 7, 2025, and issued its final ruling on July 8, 2025, siding with Plaintiff and denying Defendant's Motion to Enforce Dismissal. Thereafter, Defendant filed a motion for reconsideration.

6. After the state trial court denied Defendant's Motion, Defendant appealed the decision. On July 28, 2025, Defendant filed a Petition for Writ of Mandate, Prohibition, or Other Extraordinary Relief to appeal the state trial court's decision. A true and correct copy of Defendant's Petition for Writ of Mandate attached hereto as **Exhibit K**.

7. The California Court of Appeals denied the Petition for Writ of Mandate on August 7, 2025. A true and correct copy of the Order Denying Petition for Writ of Mandate is attached hereto as **Exhibit L**.

8. On August 1, 2025, Plaintiff served an initial round of written discovery on Defendant, consisting of Form Interrogatories, Request for Production and Request for Inspection.

## LOCAL RULE 7-3 MEET AND CONFER COMPLIANCE

9. In this action, Defendant is represented by 8 different law firms, that are located across the continental United States.

10. I originally reached out to Defendant's counsel on August 11, 2025, which was a few days after I received the Notice of Removal. In that email, I stated the basis for the motion for remand as follows: "We stilling reviewing your notice but we currently see two issues which require remand: 1) the notice of removal is well beyond the 30-day statutory period for removal; and 2) the removal violates the forum defendant rule (28 U.S.C.A. § 1441(b)(2).)" I then asked for "the legal basis for removing this matter after the 30-day period and why you believe the forum defendant rule does not apply to your client." A true and correct copy of that August 11, 2025 email is attached hereto as **Exhibit M**. I never received a response to that email.

11. On August 23, 2025, I sent a follow up email requesting a telephone conference. In this email, I added that I wanted to discuss "why your client represented in the notice of removal that he is domiciled in Missouri when all the prior pleadings and declarations in numerous jurisdictions stated that he resides, works, and is

domiciled in California."  A true and correct copy of that August 23, 2025 email is attached hereto as **Exhibit N**.  I never received a response to that email.

12. On August 27, 2025, after not receiving any response from opposing counsel, I called and left a voicemail for Mr. Paul Philips to discuss this matter. Attached hereto as **Exhibit O** is my email of August 27, 2025 confirming my call.

13. That same day, one of the attorneys for Defendant responded to advise me that Mr. Philips was out of the country.  I then sent an email in response asking for "one of the other 5 or 6 law firms that are representing Mr. Williams [to] give me a call so we can meet and confer about this."  A true and correct copy of my August 27, 2025 email exchange is attached hereto as **Exhibit P**.  Also reached out by telephone to another attorney representing Defendant, Mr. Lloyd Kelley, but was advised that he is not involved in the notice of removal.

14. Later that same day, I sent another email to all of Defendant's attorney outlining the issues I wished to discuss in the meet and confer.  A true and correct copy of my August 27, 2025 email exchange is attached hereto as **Exhibit Q**.

15. It was at that point that all the other law firms who represented Defendant in the state action basically refused to meet and confer by claiming that they have no understanding of these issues and do not represent Defendant in the removal action. It should be noted that at no point did any of these law firms file a notice of disassociation from this action and they still remain on the service list.

16. On August 28, 2025, Mr. Philip emailed me and indicated that he can call me on August 29, 2025 between 10 am and noon.  I advised Mr. Philips that although I was in deposition, I would be able to take a break to take his call at noon. Attached hereto as **Exhibit R** is my email exchange with Mr. Philips for the call.  Mr. Philips never called me as promised.  I even followed up with Mr. Philips on August 29, 2025 but received no response.

17. On August 30, 2025, Mr. Philips advised me he would call me on Monday, Sept. 1, 2025.  I responded that I would be available all day.  Attached hereto

6

**DECLARATION OF BRANDON Q. TRAN IN SUPPORT**

as **Exhibit S** is my exchange with Mr. Philips for the call on Sept. 1, 2025.

18. On Sept. 1, 2025, Mr. Philips did not call me. Instead, he asked that I provide him more information concerning my motion. That same day, I sent Mr. Philips a detailed statement of our position. Specifically, I informed counsel the following: "First, we believe Defendant's notice of removal is untimely, as it is 8-months late. The 30-day removal clock started on November 27, 2024, when Defendant was served with a copy of the lawsuit. Defendant argues that it was not until July 8, 2025, when the state court denied his Motion to Enforce Dismissal, that Defendant could first ascertain that the State Court deemed this a "live, active, and therefore removable controversy." We disagree. Defendant first ascertained that the state court considered this a live and active controversy on December 16, 2024, when the court rejected the Request for Dismissal. Second, we believe the action should be remanded based on the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2). The Forum Defendant Rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." (*Lively v. Wild Oats Mkts, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).) The rationale of the rule is that "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court" and that "[t]he need for such protection is absent … in cases where the defendant is a citizen of the state in which the case is brought." (*Id.* at 940.) Here, despite his self-serving declaration in support of the Notice of Removal, Defendant is unquestionably a citizen of California. In numerous filing with various courts, including the Superior Court of California, Central District of California, and Harris County, Texas, Defendant represented that he is a citizen of California, resides in California, works in California (and has worked in California since 2010), has ties to the Vietnamese community in Orange County, and that his wife and children lives in California. Finally, we will also be asking for the award of attorney's fees and costs pursuant to 28 U.S.C. 1447(c). Unfortunately, I do not have a number to give you currently because the process of drafting and filing

1  the motion for remand is not completed.  A true and correct copy of my email
2  exchange with Mr. Philips is attached hereto as **Exhibit T**.  After that, Mr. Philips
3  still did not call me.

4    19. Having not received a call on Sept. 1, 2025, I email Defendant's counsel
5  again to advised that I intended to file the motion for remand on September 4, 2025
6  and that I was available the next two days to meet and confer via telephone.  Attached
7  as **Exhibit U** is a true and correct copy of my email.  I did not receive a telephone call
8  from any of Defendant's counsel concerning this matter.

9    20. On September 2, 2025, Mr. Philips sent me an email asking for the prior
10 pleadings filed by Defendant that is the subject of my motion.  I immediately provided
11 copies of the prior pleadings but when it was rejected due the size of the files, I had
12 my paralegal send the documents via a sharefile link.  Attached hereto as **Exhibit V**
13 is a true and correct copy of my email regarding the prior pleadings.  After that, I still
14 did not receive a call.

15   21. On September 3, 2025, I sent another email to Defendant's counsel
16 advising them that I am available all day to meet and confer telephonically.  Attached
17 hereto as **Exhibit W** is a true and correct copy of my email.  I did not receive a call
18 in response to my request.  Later that same day, I emailed Defendant's counsel again
19 to try to meet and confer.  Again, I did not receive a phone call in response.  Attached
20 hereto as **Exhibit X** is a true and correct copy of my email.

21   22. On September 4, 2025, Mr. Philips advised that he could not access the
22 files my paralegal sent on September 2, 2025.  As I explained in my response, with
23 all the attorneys representing Defendant, it was surprising that no one had the time to
24 advise that they had an issue with the link. I then advised Mr. Philips that the prior
25 pleadings were filed that were submitted by Defendant's attorneys (the same attorneys
26 on this case) and thus, not foreign to Defendant's side, and that I would send the files
27 piecemeal.  I further advised that I would be available all day to discuss the matter.
28 Attached hereto as **Exhibit Y** is a true and correct copy of my email.  Following this

email, I sent all the files to Defendant's counsel in separate emails. I still did not receive a telephone call from any of Defendant's counsel after that.

23. Defendant's counsel's conduct in failing to meet and confer via telephone was particularly bewildering because there are eight separate law firms representing Defendant in the state action but no one had the time to call me despite the numerous requests.

## REQUEST FOR ATTORNEY'S FEES

24. Plaintiff has incurred substantial costs to prepare and file this Motion for Remand. My colleague, Christin Vasquez, is a 2010 graduate of the Thurgood Marshall School of Law. Ms. Vasquez has practiced general litigation since obtaining her bar admission. Ms. Vasquez's billing rate for this matter is $515.00 per hour.

25. I am a 2002 graduate from UCLA School of Law. I have practiced business litigation since my admission into the bar. My current billing rate for this matter is $595.00.

26. Ms. Vasquez spent approximately 7.8 hours researching this motion for remand and preparing an initial draft. I then spent 16.2 hours drafting the motion, conducting additional discovery, preparing my declaration, locating and organizing the exhibits, drafting the request for judicial notice, and meeting and conferring with opposing counsel. I further expect to spend 7 hours to review any opposition and prepare a reply. I then expect to spend 2 hours preparing for the hearing and attending the hearing before the Court. As a result of Defendant's improper notice of removal, I believe this entire process cost my client approximately $14,994.00 (($515.00 x 7.8) + ($595.00 x 25.2)).

27. The above fees do not include the work that my office will need to perform due to this matter being removed to federal court. For example, this sum does not include all the unnecessary fees that are associated with the Rule 26(f) conference (which would have been unnecessary if this matter was litigated in the California Superior Court) or the drafting of the joint report for the Court.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this 4th day of September, 2025, in Newport Beach, California.

                                                  /s/ *Brandon Q. Tran*
                                                  Brandon Q. Tran

**DECLARATION OF BRANDON Q. TRAN IN SUPPORT**