Shawn E. Cowles (CA Bar No. 163826)
scowles@dhillonlaw.com
Brandon Q. Tran (CA Bar No. 223435)
btran@dhillonlaw.com
**DHILLON LAW GROUP INC.**
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660
(949) 340-1968 (voice and fax)

Attorneys for Plaintiff Hung Huynh

## IN THE UNITED STATES DISTRICT COURT
## FOR CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HUNG HUYNH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GERARD RICHARD WILLIAMS III, an individual,<br><br>Defendant. | Case No.: 2:25-cv-07351-JC<br><br>**PLAINTIFF HUNG HUYNH'S RULE 26(f) REPORT**<br><br>Judge:   Hon. Jacqueline Chooljian<br><br>Scheduling Conference<br><br>Date:       September 30, 2025<br>Time:       10:30 a.m.<br>Courtroom:  750, 7th Floor |

Plaintiff Hung Huynh ("Plaintiff") submits this Rule 26(f) Report solely on his behalf pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-1 of the United States District Court for the Central District of California.

Plaintiff contacted Defendant several times to coordinate a Rule 26 conference. Specifically, Plaintiff emailed Defendant on September 2, 2026 to request the parties "meet and confer [that] week or early next week to go through the various items on the report. Let [us] know when you are available." Plaintiff never received a response to that email. On September 10, 2026, Plaintiff emailed Defendant again to request "[w]hen do [Defendant's attorneys] want to meet?" Plaintiff never received a response to that email. Finally, on September 12, 2026, Plaintiff emailed Defendant again stating: "Just following up …your side can simply provide me with Defendant's position on the various topics on the Rule 26(f) report." Tammy Tran, one of Defendant's many attorneys, responded by email stating "Will do." However, to date, Plaintiff have not received any information from Defendant.

A.    **Statement of the Case.**

This is a personal injury case. Plaintiff is a well-known Vietnamese musician. Plaintiff performed at a concert held at Defendant Gerard Richar Williams III's ("Defendant") residence in Newport Coast, California. During his performance, Plaintiff suffered an catastrophic injury that resulted in him losing four toes.

B.    **Subject Matter Jurisdiction.**

As explained in the Motion for Remand [Dkt No. 13], Plaintiff does not believe the Court has subject matter jurisdiction because: (1) Defendant failed to timely remove this action to District Court; and (2) removal is precluded under the "Forum Defendant Rule," pursuant to 28 U.S.C. § 1441(b)(2).

C.    **Legal Issues.**

California law applies and the key issue is whether Defendant had a duty to Plaintiff, whether Defendant negligent in arranging the concert at his residence, whether Defendant's negligence caused Plaintiff's injuries, and what are Plaintiff's

2

damages.

     **D.**   **Parties, Evidence, etc.**

         **1.**    **Parties.**

Plaintiff Hung Huynh; and

Defendant Gerard Richard Williams.

         **2.**    **Witnesses**

The parties in this action, Bich Tuyen Williams aka Tiffany Williams, attendees at concert, other performers at the concert, vendors for the concert, and medical providers.

         **3.**    **Documents**

Medical records, vendor contracts for concert, and permits for residence.

     **E.**   **Damages.**

Plaintiff prays for past and future economic and non-economic damages, including but not limited to medical expenses, incidental expenses, loss of income and loss of earning capacity. Plaintiff claims the realistic range of provable damages will depend on the harm to Plaintiff's career and the resulting lost income.

     **F.**   **Insurance.**

Plaintiff is not aware of any insurance that may cover his injuries.

     **G.**   **Motion.**

Plaintiff expects to amend the Complaint to add parties who were involved in arranging the concert that resulted in Plaintiff's injuries.

     **H.**   **Manual for Complex Litigation.**

None of the procedures of the Manual for Complex Litigation should be utilized.

     **I.**   **Status of Discovery.**

On August 1, 2025, Plaintiff served an initial round of written discovery on Defendant, consisting of Form Interrogatories, Request for Production and Request for Inspection while this action was in the Superior Court of California, County of Orange. However, due to the removal, Defendant has not responded. Plaintiff hopes to start

3

exchanging documents prior to the Scheduling Conference.

**J.**    **Discovery Plan.**

   **1.**    **Identity of all Anticipated Deponents and Dates by Which Depositions are to be Completed**

Plaintiff proposes August 1, 2026 as the discovery cut-off and believe they will complete all depositions. Plaintiff anticipates taking the following depositions: (1) Defendant, (2) Bich Tuyen Williams aka Tiffany Williams, (3) attendees at concert, (4) other performers, (5) vendors for concert, and (6) medical providers.

   **2.**    **Anticipated Written Discovery Requests**

Special interrogatories, requests for admission, requests for production of documents, and subpoenas to third parties.

   **3.**    **Schedule for Completion of All Discovery**

Plaintiff anticipates completing written discovery and depositions by August 1, 2026.

   **4.**    **Changes to the Disclosures Under Rule 26(a)**

Plaintiff proposes making his Initial Disclosures two weeks after the Court issues its ruling on the Motion to Remand.

   **5.**    **Subjects on Which Discovery may be Needed and Whether Discovery Should be Conducted in Phases or Otherwise be Limited**

Plaintiff anticipates needing discovery about Defendant's duty to Plaintiff, Defendant's negligence in arranging the concert at his residence, causation, and Plaintiff's damages.

Plaintiff does not believe that discovery should not be conducted in phases or otherwise ordered limited.

   **6.**    **Issues About Disclosure or Discovery of Electronically Stored Information**

Plaintiff does not foresee any issues about disclosure or discovery of

4

electronically stored information.

**7.     Issues About Claims of Privilege or of Protection as Trial-Preparation Materials**

Plaintiff does not foresee any issues about claims or privilege or of protection as trial-preparation materials.

**8.     Whether Applicable Limitations Should be Changed or Other Limitations Imposed**

Plaintiff does not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and that no other limitations should be imposed.

**9.     Whether the Court Should Enter Other Orders**

Plaintiff does not believe that the Court should not issue any other orders under Rule 26(c) or Rule 16(b) and (c) at this time.

**K.     <u>Discovery Cut-Off</u>.**

Plaintiff proposes a fact discovery cut-off date of August 1, 2026, which means the final day for completion of discovery, including resolution of all discovery motions.

**L.     <u>Expert Discovery</u>.**

Plaintiff proposes August 14, 2026 as the final day for initial expert witness disclosures and September 15, 2026 as the final day for rebuttal expert witness disclosures.  Plaintiff proposes October 15, 2026 as the expert discovery cut-off date.

**M.     <u>Dispositive Motion</u>.**

Plaintiff anticipates filing a motion for summary judgment or partial summary judgment.

**N.     <u>Settlement</u>.**

There has been no formal settlement discussion since current counsel for Plaintiff substituted into this action.

**O.     <u>Trial Estimate</u>.**

Plaintiff estimates that 8 to 12 court days will be required for trial, which shall

5

be by jury. Most of the witnesses will require Vietnamese translator and this will extend the time for each witness on the stand.

**P.     Trial Counsel.**

Shawn E. Cowles, scowles@dhillonlaw.com, Brandon Q. Tran, btran@dhillonlaw.com, Dhillon Law Group, Inc., 4675 MacArthur Court, Suite 1410 Newport Beach, CA 92660, (949) 340-1968.

**Q.     Independent Expert.**

Plaintiff believes that this is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**R.     Timetable.**

See attached Schedule of Pretrial and Trial Dates form as Exhibit A.

**S.     Other Issues.**

None at this time.

Date: September 16, 2025                    **DHILLON LAW GROUP INC.**


                                 By:*/s/ Brandon Q. Tran*
                                         Shawn E. Cowles
                                         Brandon Q. Tran
                                 Attorneys for Plaintiff Hung Huynh

**PLAINTIFF HUNG HUYNH'S RULE 25(f) REPORT**