Shawn E. Cowles (CA Bar No. 163826)
scowles@dhillonlaw.com
Brandon Q. Tran (CA Bar No. 223435)
btran@dhillonlaw.com
**DHILLON LAW GROUP INC.**
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660
(949) 340-1968 (voice and fax)

Attorneys for Plaintiff Hung Huynh

**CALLAHAN & BLAINE, PC**
Edward Susolik (SBN 151081)
es@callahan-law.com
Raphael Cung (SBN 201829)
rcung@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
 (714) 241-4444

Attorneys for Defendant Gerard Richard Williams III
*Additional counsel for Defendant listed on next page*

# IN THE UNITED STATES DISTRICT COURT
# FOR CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HUNG HUYNH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GERARD RICHARD WILLIAMS III, an individual,<br><br>Defendant. | Case No.: 2:25-cv-07351-JC<br><br>**PLAINTIFF HUNG HUYNH'S AND DEFENDANT GERARD RICHARD WILLIAMS III'S JOINT RULE 26(f) REPORT**<br><br>Judge:   Hon. Jacqueline Chooljian<br><br>Scheduling Conference<br><br>Date:       September 30, 2025<br>Time:       10:30 a.m.<br>Courtroom: 750, 7th Floor |

1  **LAW OFFICES OF PAUL N. PHILIPS, APLC**
　 Paul N. Philips (SBN 187928)
2  pnp@pnplegal.com
　 9440 Santa Monica Boulevard, Suite 301
3  Beverly Hills, California 90210
　 Telephone: (323) 813-1126
4

5  **THE TAMMY TRAN LAW FIRM**
　 Minh-Tam (Tammy) Tran (*pro hac vice* pending)
　 ttran@tt-lawfirm.com
6  4900 Fournace Place, Suite 418
　 Bellaire, Texas 77401
7  Telephone: (832) 372-4403

8  **KELLEY & ASSOCIATES**
　 Lloyd E. Kelley (*pro hac vice* pending)
9  kelley@lloydekelley.com
　 2726 Bissonnet Ste 240 PMB 12
10 Houston, Texas 77005
　 Telephone: (281) 492-7766
11
　 Attorneys for Defendant Gerard Richard Williams III
12
　 //
13 //
　 //
14 //

2

**JOINT RULE 26(f) REPORT**

Plaintiff Hung Huynh ("Plaintiff") and Defendant Gerard Richard Williams III (together, the Parties) submit this Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-1 of the United States District Court for the Central District of California. This Joint Report is being prepared after the parties met and conferred on this matter via Zoom conference.

**STIPULATED REQUEST TO CONTINUE SCHEDULING CONFERENCE**

Preliminarily, the Parties respectfully request that the Court continue the Scheduling Conference, currently scheduled for September 30, 2025, until at least November 11, 2025. Defendant's Motion for Remand, which is still being briefed, is scheduled to be heard on October 7, 2025, and judicial economy warrants the Parties engage in the steps and tasks leading to such scheduling conference only after this Court determines whether the instant action shall stay in this Court or be remanded to the State Court.

A. <u>**Statement of the Case**</u>.

<u>Plaintiff's Position:</u>

This is a personal injury case. Plaintiff is a well-known Vietnamese musician. Plaintiff performed at a concert held at Defendant Gerard Richard Williams III's ("Defendant") residence in Newport Coast, California. During his performance, Plaintiff suffered an catastrophic injury that resulted in him losing four toes.

<u>Defendant's Position:</u>

Defendant Gerard Richard Williams III is a renowned technology innovator. Among other things, he has over 60 patents for processor technology used in many phones around the world. He was the lead SoC (system on chip) architect at Apple, and many of his inventions while there are still used in iPhone models and MAC computers today. Williams eventually moved on from Apple, and in 2021, sold his highly successful technology business, Nuvia Inc., to Qualcomm, based in San Diego.

In 2014, Gerard Williams married Tiffany Williams (née Tiffany Tuyen Nguyen), a Vietnamese-American immigrant, and through her, developed an affinity

1 for Vietnamese culture and music. The Williams's became patrons of Vietnamese
2 music and performers, which led Gerard Williams to this saga today.
3       On February 19, 2024, while performing a concert hosted at the residence of
4 Williams, Plaintiff Hung Huynh, a singer from Vietnam, foolishly jumped on a 6-feet
5 tall decorative water fountain, fell off, and hurt himself.
6       In the days shortly after, Huynh took to social media to admit that it was his own
7 fault and apologize for it, and videos from the incident show indisputably the nature of
8 the incident and Huynh's assumption of risk. The decorative water fountain should not
9 have been utilized for climbing, for example, to make a "dramatic exit" from the
10 performance as Huynh later acknowledged. Huynh's attempt to jump upon the
11 fountain-head caused the destruction of the fountain, and he injured himself in the fall.
12       Huynh had befriended Williams and his wife since 2018, through their shared
13 love of Vietnamese music. Williams is blessed to have been fortunate and prosperous
14 in his career as a technology innovator, and he and his wife openly discussed with their
15 close friend Huynh their good fortune, as well as business plans that may generate even
16 more wealth in the future. No doubt with Williams's prosperity in mind, in the summer
17 to fall of 2024, Huynh started hinting to Williams and his wife that after decades of
18 performing music, and touring across Vietnam and the Vietnamese community in the
19 U.S., he was "getting tired." Not coincidentally, Huynh had offended government
20 authorities in Vietnam, and during this period, had been banned from performances in
21 Vietnam for 9 months, resulting in no income from any such new performances.
22       When his hints for help to retire were not heeded, Huynh outright demanded
23 money from Williams, first "only" $15 million, then $5 million, then back up to $20
24 million, and then still higher to $50 million, claiming he was due such amounts from
25 the February 2024 accident that he himself caused. This despite the fact that after such
26 incident, Huynh continued to perform about 55 energetic singing and dancing concerts
27 in Vietnam and the U.S., all of which he publicized.
28       Williams denies all liability against Huynh. In fact, Huynh is liable to Williams

4

JOINT RULE 26(f) REPORT

for, among other things, a vicious smear campaign that Huynh unleashed on Williams, his wife, and even their 9-year-old daughter through his surrogates and mouthpieces in the Vietnamese-language media and blogosphere, which resulted in a number of death threats to Williams and his family.

### B. Subject Matter Jurisdiction.

Plaintiff's Position:

As explained in the Motion for Remand [Dkt No. 13], Plaintiff does not believe the Court has subject matter jurisdiction because: (1) Defendant failed to timely remove this action to District Court; and (2) removal is precluded under the "Forum Defendant Rule," pursuant to 28 U.S.C. § 1441(b)(2).

Defendant's Position:

As set forth in Defendant's Opposition to Motion to Remand [Dkt #14], Williams contends that there is subject matter jurisdiction and his removal was proper because (a) he timely removed given the procedural history of the underlying State Court Action, and (b) he is domiciled outside of California, in Missouri, which is the proper test for "citizenship" for purposes of diversity and removal.

### C. Legal Issues.

Plaintiff's Position:

California law applies and the key issue is whether Defendant had a duty to Plaintiff, whether Defendant negligent in arranging the concert at his residence, whether Defendant's negligence caused Plaintiff's injuries, and what are Plaintiff's damages.

Defendant's Position:

The legal issues in this dispute are as follows:

Is Williams liable for negligence for the incident of February 19, 2024 that proximately caused Huynh's personal injury?

Is Huynh responsible for his injuries sustained on February 19, 2024 due to his own negligence, including assumption of risk?

What are the nature and extent of Huynh's claimed damages resulting from the February 19, 2024 incident?

With respect to Williams's pending affirmative claims against Huynh, did Huynh act with negligence or otherwise wrongfully on or about February 19, 2024 that caused loss to Williams, such as destruction of the fountain at his residence?

Did Huynh engage in intentional infliction of emotional distress and other tortious acts by directing surrogates to start a public smear campaign against Williams and his family?

Is Williams entitled to recover against Huynh for the latter's unjust enrichment when Williams initially agreed to pay, and did pay, for certain of Huynh's medical expenses arising out of the February 19, 2024 incident?

### D. Parties, Evidence, etc.

Plaintiff's Position:

#### 1. Parties.

Plaintiff Hung Huynh; and

Defendant Gerard Richard Williams.

#### 2. Witnesses

The parties in this action, Bich Tuyen Williams aka Tiffany Williams, attendees at concert, other performers at the concert, vendors for the concert, and medical providers.

#### 3. Documents

Medical records, vendor contracts for concert, and permits for residence.

Defendant's Position:

Defendant agrees as to who the current parties are (#1 above).

In addition to the witnesses identified by Plaintiff (#2 above), other fact witnesses are individuals to whom Plaintiff Huynh discussed the events surrounding the February 19, 2024; witnesses to his post-accident activities, including the at least 55 concerts that Huynh has given so far since then; and the individuals whom he

directed and with whom he collaborated in engaging in a public smear campaign against Williams and his family, including but not limited to Dai Duong Pham (aka Derek Pham), Thu Thuong Doan, and Nhu Ta.

In addition to the documents identified by Plaintiff (#3 above), other documents that have a bearing on this matter are video and audio footage of the events on February 19, 2024; Huynh's social media posts; video and footage of Plaintiff's activities post-accident, including his 55+ concerts; and his communications with third-party individuals regarding the incident and/or Williams and his family.

### E. **Damages.**

Plaintiff's Position:

Plaintiff prays for past and future economic and non-economic damages, including but not limited to medical expenses, incidental expenses, loss of income and loss of earning capacity. Plaintiff claims the realistic range of provable damages will depend on the harm to Plaintiff's career and the resulting lost income.

Defendant's Position:

Defendant contends that Huynh's claimed losses from the incident are minimal, especially his claim for loss of earning capacity. As for Defendant's pending affirmative claims against Huynh, Williams contends that his losses include the value of the fountain that Huynh destroyed; the medical bills initially paid for by Williams as a gesture of good will as being unjust enrichment to Huynh; and the emotional distress and other non-economic damages to Williams due to the smear campaign that Huynh directed of his surrogates.

### F. **Insurance.**

Plaintiff's Position:

Plaintiff is not aware of any insurance that may cover his injuries.

Defendant's Position:

Defendant is unaware of whether Plaintiff has or may have medical insurance that paid for some or all of Huynh's claimed medical expenses. Defendant has no

liability insurance that covers or may cover Plaintiff's claims arising from the incident.

      **G.**    **Motion.**

Plaintiff's Position:

Plaintiff expects to amend the Complaint to add parties who were involved in arranging the concert that resulted in Plaintiff's injuries.

Defendant's Position:

To the extent warranted by discovery, including expert discovery, Defendant may file a motion for summary judgment or summary adjudication.

      **H.**    **Manual for Complex Litigation.**

None of the procedures of the Manual for Complex Litigation should be utilized.

      **I.**    **Status of Discovery.**

Plaintiff's Position:

On August 1, 2025, Plaintiff served an initial round of written discovery on Defendant, consisting of Form Interrogatories, Request for Production and Request for Inspection while this action was in the Superior Court of California, County of Orange. However, due to the removal, Defendant has not responded. Plaintiff hopes to start exchanging documents prior to the Scheduling Conference.

Defendant's Position:

Defendant contends that discovery served by Plaintiff in a removed action is no longer valid. When it is confirmed that this case shall remain in federal court, Defendant, too, shall provide his initial disclosures under FRCP Rule 26. Defendant also intends to propound interrogatories, requests for admissions, and requests for production of documents to Plaintiff.

J.      **Discovery Plan.**

    1.      **Identity of all Anticipated Deponents and Dates by Which Depositions are to be Completed**

Plaintiff's Position:

Plaintiff proposes August 1, 2026 as the discovery cut-off and believe they will complete all depositions. Plaintiff anticipates taking the following depositions: (1) Defendant, (2) Bich Tuyen Williams aka Tiffany Williams, (3) attendees at concert, (4) other performers, (5) vendors for concert, and (6) medical providers.

Defendant's Position:

Given the likelihood of certain witnesses being in different U.S. states certainly, and even in Vietnam, Defendant proposes the date of November 2, 2026 as being fact discovery cut-off. In addition to the witnesses identified by Plaintiff, Defendant intends to depose organizers of Huynh's concerts post-accident, individuals with knowledge of Huynh's income from such activities, and the individuals whom Huynh directed and aided and abetted in publicly smearing Williams and his family.

    2.      **Anticipated Written Discovery Requests**

Special interrogatories, requests for admission, requests for production of documents, and subpoenas to third parties.

    3.      **Schedule for Completion of All Discovery**

Plaintiff's Position:

Plaintiff anticipates completing written discovery and depositions by August 1, 2026.

Defendant's Position:

Defendant anticipates completing written discovery and fact witness depositions by November 2, 2026.

    4.      **Changes to the Disclosures Under Rule 26(a)**

Plaintiff's Position:

Plaintiff proposes making his Initial Disclosures two weeks after the Court issues

its ruling on the Motion to Remand.

<u>Defendant's Position:</u>

Defendant concurs with the above position of Plaintiff, but also contends that if the Court continues the scheduling conference until November 11, 2025, as requested by the parties, their initial disclosures should be made 2 weeks before such conference, or by October 28, 2025.

### 5. Subjects on Which Discovery may be Needed and Whether Discovery Should be Conducted in Phases or Otherwise be Limited

<u>Plaintiff's Position:</u>

Plaintiff anticipates needing discovery about Defendant's duty to Plaintiff, Defendant's negligence in arranging the concert at his residence, causation, and Plaintiff's damages.

Plaintiff does not believe that discovery should not be conducted in phases or otherwise ordered limited.

<u>Defendant's Position:</u>

In addition to the above subject matters, Defendant shall seek discovery regarding Plaintiff's tortious conduct against Defendant post-incident, such as the public smear campaign discussed above.

Defendant agrees that there is no current need for discovery to be conducted in any stages or otherwise limited.

### 6. Issues About Disclosure or Discovery of Electronically Stored Information

Plaintiff does not foresee any issues about disclosure or discovery of electronically stored information.

Defendant agrees with this position.

### 7. Issues About Claims of Privilege or of Protection as Trial-Preparation Materials

Plaintiff does not foresee any issues about claims or privilege or of protection as trial-preparation materials.

Defendant agrees with this position.

### 8. Whether Applicable Limitations Should be Changed or Other Limitations Imposed

Plaintiff does not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and that no other limitations should be imposed.

Defendant agrees with this position.

### 9. Whether the Court Should Enter Other Orders

Plaintiff does not believe that the Court should not issue any other orders under Rule 26(c) or Rule 16(b) and (c) at this time.

Defendant agrees with this position.

**K.  Discovery Cut-Off.**

Plaintiff's Position:

Plaintiff proposes a fact discovery cut-off date of August 1, 2026, which means the final day for completion of discovery, including resolution of all discovery motions.

Defendant's Position:

Defendant proposes a fact discovery cut-off date of November 2, 2026, which means the final day for completion of discovery, including resolution of all discovery motions regarding fact discovery, unless otherwise ordered by the Court for good cause.

**L.  Expert Discovery.**

Plaintiff's Position:

Plaintiff proposes August 14, 2026 as the final day for initial expert witness disclosures and September 15, 2026 as the final day for rebuttal expert witness disclosures. Plaintiff proposes October 15, 2026 as the expert discovery cut-off date.

Defendant's Position:

Defendant proposes December 14, 2026 as the final day for initial expert witness disclosures and January 15, 2027 as the final day for rebuttal expert witness disclosures. Plaintiff proposes February 15, 2027 as the expert discovery cut-off date.

**M.    Dispositive Motion.**

Plaintiff's Position:

Plaintiff anticipates filing a motion for summary judgment or partial summary judgment.

Defendant's Position:

To the extent warranted by discovery, including expert discovery, Defendant may file a motion for summary judgment or summary adjudication.

**N.    Settlement.**

There has been no formal settlement discussion since current counsel for Plaintiff substituted into this action.

**O.    Trial Estimate.**

Plaintiff estimates that 8 to 12 court days will be required for trial, which shall be by jury. Most of the witnesses will require Vietnamese translator and this will extend the time for each witness on the stand.

Defendant concurs with the above.

**P.    Trial Counsel.**

Shawn E. Cowles, scowles@dhillonlaw.com, Brandon Q. Tran, btran@dhillonlaw.com, Dhillon Law Group, Inc., 4675 MacArthur Court, Suite 1410 Newport Beach, CA 92660, (949) 340-1968.

For Defendant, Edward Susolik, es@callahan-law.com, and Raphael Cung, rcung@callahan-law.com; Callahan & Blaine, PC, 3 Hutton Centre Drive, 9th Floor, Santa Ana, CA 92707 (714) 241-4444. Also, Minh-Tam (Tammy) Tran (pro hac vice pending), ttran@tt-lawfirm.com, 4900 Fournace Place, Suite 418, Bellaire, TX 77401 (832) 372-4403.

Q. **Independent Expert.**

Plaintiff believes that this is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

Defendant concurs with the above.

R. **Timetable.**

Plaintiff's Position:

See attached Schedule of Pretrial and Trial Dates form as Exhibit A.

Defendant's Position:

Defendant contends that the schedule of pretrial and trial dates should be set after the Court's discussions with the parties regarding the dates that they respectively proposed above.

S. **Other Issues.**

None at this time.

Date: September 17, 2025     **DHILLON LAW GROUP INC.**

By:/s/ *Brandon Q. Tran*
Shawn E. Cowles
Brandon Q. Tran
Attorneys for Plaintiff Hung Huynh

Dated: September 17, 2025

**CALLAHAN & BLAINE, PC**

By:     /s/ *Raphael Cung*
Edward Susolik
Raphael Cung
Attorneys for Defendant GERARD WILLIAMS III

JOINT RULE 26(f) REPORT

Dated: September 17, 2025

**LAW OFFICES OF PAUL N. PHILIPS, APLC**

By: _/s/ Paul N. Philips_
      Paul N. Philips
      Attorneys for Defendant GERARD WILLIAMS III

<u>SCHEDULE OF PRETRIAL AND TRIAL DATES</u>

CASE NAME:  HUNG HUYNH v. GERARD RICHARD WILLIAMS III

CASE NO:  2:25-cv-07351-JC

| Matter | Time | Weeks before trial | Plaintiff Request | Defendant Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length 12 days) **(Tuesday)** | 10:00 am | | 12/14/26 | 4/14/27 | |
| <u>For Court Trial</u><br>Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | | | |
| Pretrial Conference, LR 16;<br>Hearing on Motions in Limine | 1:30 pm | 4 | 11/16/26 | 3/15/27 | |
| <u>For Jury Trial</u><br>Lodge Pretrial Conference Order, LR 16-7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc.;<br>File Oppositions to Motions in Limine | | 6 | 11/2/26 | 3/2/27 | |
| <u>For Jury Trial</u><br>File Memo of Contentions of Fact and Law, LR 16-4;<br>Exhibit & Witness Lists, LR 16-5, 6;<br>File Status Report Regarding Settlement;<br>File Motions in Limine | | 7 | 10/26/26 | 2/26/27 | |
| Last date to conduct Settlement Conf., LR 16-15 | | 12 | 9/21/26 | 1/21/27 | |
| Last day for **hearing** motions, LR 7 | | 14 | 9/7/26 | 1/7/26 | |
| Non-expert Discovery Cut-off | | | 8/1/26 | 11/2/26 | |
| Expert Disclosure (initial) | | | 8/14/26 | 12/14/26 | |
| Expert Disclosure (rebuttal) | | | 9/15/26 | 1/15/27 | |
| Expert Discovery Cut-off | | | 10/15/26 | 2/15/27 | |
| Last Date to Amend Pleadings or Add Parties | | | 2/2/26 | 6/2/26 | |
| | | | | | |

LR 16-15 Settlement Choice:   [X] 1. USMJ              [X] 3. Outside ADR

[ ] 2. Attorney Settlement Panel       [ ] 4. Judge Chooljian

Exhibit A

7