Shawn E. Cowles (CA Bar No. 163826)
scowles@dhillonlaw.com
Brandon Q. Tran (CA Bar No. 223435)
btran@dhillonlaw.com
**DHILLON LAW GROUP INC.**
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660
(949) 340-1968 (voice and fax)

Attorneys for Plaintiff Hung Huynh

# IN THE UNITED STATES DISTRICT COURT
# FOR CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HUNG HUYNH, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>GERARD RICHARD WILLIAMS III, an individual,<br><br>    Defendant. | Case No.: 2:25-cv-07351-JC<br><br>**PLAINTIFF HUNG HUYNH'S REPLY TO OPPOSITION TO MOTION FOR REMAND AND REQUEST FOR ATTORNEY'S FEES**<br><br>[Supplemental Request for Judicial Notice]<br><br>Judge: Hon. Jacqueline Chooljian<br><br>Date:       October 7, 2025<br>Time:       9:30 a.m.<br>Courtroom: 750, 7th Floor |

i

**PLAINTIFF HUNG HUYNH'S REPLY TO OPPOSITION TO MOTION TO REMAND**

## I. INTRODUCTION

Defendant's basis for claiming that he is a citizen of Missouri is absurd. From his long-winded declaration, Defendant attempts to set forth several facts to support his contention that he is domiciled in Missouri. However, the law for establishing citizenship in a particular place is well-established, and no case law would support Defendant being a citizen of Missouri based on the facts presented in his declaration. Notably, Defendant's declaration glaringly omits the key initial element in establishing citizenship in any state: Defendant never attested that he was physically present at the Missouri address such that he was able to establish a "fixed habitation or abode." Instead, the house is Defendant's parents' residence, which he hopes to inherit in the future. This obvious omission destroys Defendant's claim that he is domiciled at the Missouri address.

Ironically, instead of proving his Missouri domicile, Defendant's declaration serves as confirmation of his California citizenship. Defendant's own words affirm his fixed habitation or abode in Newport Coast, California, and his indefinite intention to stay there. This clear confirmation of his California citizenship triggers the Forum Defendant Rule, mandating the Court to remand this matter back to the Superior Court of California, County of Orange.

Defendant's failure to timely remove this action provides an independent reason for remanding this matter. The 9th Circuit has consistently held that the 30-day period for removing an action is mandatory and must be strictly enforced. (*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) and *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).) Nowhere in the statute, or related case law, does it authorize courts to toll the statutory period while a party litigates the matter in state court. In fact, the Defendant does not cite any case that permits the tolling of the 30-day period once it starts due to procedures that occur in state court. For this reason, there is no basis for Defendant to wait over 8 months to file his notice of removal.

1

**PLAINTIFF HUNG HUYNH'S REPLY TO OPPOSITION TO MOTION TO REMAND**

## II. DEFENDANT HAS NEVER BEEN A CITIZEN OF MISSOURI, AND HIS DECLARATION CONFIRMS HE IS A CITIZEN OF CALIFORNIA

To establish domicile, a person must have both physical presence in the new location and an intention to remain there indefinitely. The Ninth Circuit has consistently applied this two-pronged test. In *Lew v. Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986), the Court held that the following principles guide the inquiry:

> First, the party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch,* 289 F.2d 814, 819 (9th Cir. 1961). Second, a person is "domiciled" in a location where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.' " *Owens v. Huntling,* 115 F.2d 160, 162 (9th Cir.1940) (quoting *Pickering v. Winch,* 48 Or. 500, 87 P. 763, 765 (1906)); 1 J. Moore, *Moore's Federal Practice* ¶ 0.74(3.–3), at 707.58–60 (1985) [hereinafter *Moore's* ]. Third, the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. *Hill,* 615 F.2d at 889.

(*Lew*, 797 F.2d at 49-50.)

Here, the factual basis for Defendant's contention that he is domiciled in Missouri can be simplified into the following points: (1) his parents lives at 1110 North 19th Avenue, Ozark, Missouri (the "Missouri Location"); (2) his parents keeps his personal mementos at the Missouri Location; (3) that Defendant will inherit the Missouri Location at some point in the future; and (4) that Defendant would like to live at that the Missouri Location due to a promise he made to his parents and his desire to help that part of the state. Unfortunately for Defendant, none of these facts establishes the necessary elements to qualify him as a Missouri citizen.

An intent to move to a location in the future does not satisfy the requirement for domicile. The California District Court in *Penn Mut. Life Ins. Co. v. Fields*, 81 F.Supp. 54 (S.D. 1948) face such facts and confirmed that a floating intention to return to a former place of abode at some future period is insufficient to overcome residence in fact. As the court explained:

> For this reason, "the place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." And, while to establish such intent, the acts and declarations of a person may be considered, a mere "floating intention to return at some future period: to a former place of abode is not enough to overcome residence in fact,—especially if it has continued for a long period of time."

(*Penn Mut. Life Ins. Co.*, 81 F.Supp. at 57-58.) In rejecting the defendant's claim that his domicile was not California, the District Court held that "the actualities should prevail over wishful longings, however impelled." (*Id*. at 60.) The same conclusion should apply here. Defendant has resided in California since 2010. His wife and children reside with him in California. He works in California. He owns the real property in California that is the subject of this lawsuit. He has no immediate plans to leave California, outside of his claim that he will move to the Missouri Location if and when he inherits the residence. Defendant's fleeting intention to move to Missouri at some unspecified point in the future does not establish Missouri as his domicile. (*Id*. at 57-58.)

      Glaringly missing from Defendant's lengthy declaration are any facts to establish that Defendant's physical presence at the Missouri Location was such that he was able to establish a "fixed habitation or abode" at that address. Instead, Defendant's declaration contradicts such a conclusion. The declaration affirms that the Missouri Location is the residence of Defendant's parents, from whom he may inherit at some unknown date in the future. (*See*, Declaration of Gerard Richard Williams III ("Williams Decl."), ¶¶ 10 and 19.) The declaration further confirms that after his post-graduate studies, Defendant resided in Texas and then California; accordingly, Defendant did not reside in Missouri for most of his life. (Williams Decl., ¶¶ 13-14.)

      Equally surprising is Defendant's failure to provide any facts that demonstrate he is a Missouri citizen, especially given that he has the burden of proof. For example, Defendant's declaration is silent on whether he pays Missouri state taxes, whether he maintains his bank accounts in Missouri, whether he owns real estate in Missouri,

3

**PLAINTIFF HUNG HUYNH'S REPLY TO OPPOSITION TO MOTION TO REMAND**

whether his children go to school in Missouri, whether he owns any businesses in Missouri, whether he holds a Missouri driver's license, whether he is registered to vote in Missouri, whether he is employed in Missouri, and whether he receives mail in Missouri. (*Lew*, 797 F.2d at 750.) Instead of these concrete facts that would confirm that he is a Missouri citizen, Defendant's declaration focuses on his childhood memories and his desire to one day move to Missouri. Defendant does not cite any case law that supports establishing citizenship based on childhood memories and his desire to retire one day in a particular state as factors for establishing citizenship.

Equally perplexing is the lack of a declaration from Defendant's counsel, Paul Philips. Mr. Philips filed the two pleadings, in which he admits that Defendant is a California citizen, as well as the Notice of Removal, which claims Defendant is a citizen of Missouri. Despite being one of Defendant's lead counsels, Mr. Philips does not submit a declaration explaining what facts he considered to confirm his client was a California citizen. Further, there is no explanation as to how Mr. Philips concluded that Defendant suddenly became a Missouri citizen when he filed the Notice of Removal.

Instead of providing factual support for his contention that he is a citizen of Missouri, Defendant's own declaration confirms that he is a citizen of California. Defendant affirms that he has had a fixed habitation in Newport Coast, California, since 2021, and he intends to remain there until he relocates to Ozark, Missouri, once he inherits the property. (Williams Decl., ¶¶ 17 and 20.) Presumably, Defendant does not know when he will inherit the Ozark house, and so he will be residing in California indefinitely. Accordingly, Defendant's own declaration confirms that he is a California citizen, as he has established a fixed abode and intends to reside there indefinitely.

In addition to the admissions above, Defendant confirmed that he moved to California in 2010 when he started working for Apple (Williams Decl., ¶ 14), that he works in California (Williams Decl., ¶ 13), and that he has "forged ties with the Vietnamese-American community in …. Bay Area, and Orange County…" (Williams

4

Decl., ¶ 17.) All these factors confirm that Defendant is a California citizen. (*Lew*, 797 F.2d at 750.)

Finally, the determination of an individual's domicile is determined at the time Plaintiff filed this lawsuit, or October 31, 2024. Defendant's declaration fails to provide facts on October 31, 2024, for the Court to determine whether he was domiciled at the Missouri Location.

In sum, Defendant has failed to carry his burden of establishing that he is a Missouri citizen. Instead, the evidence submitted confirms he is a California citizen. Because Defendant is a California citizen, the Court should apply the Forum Defendant Rule and remand this matter back to the Superior Court of California, County of Orange.

### III. DEFENDANT'S NOTICE OF REMOVAL IS UNTIMELY

Defendant does not dispute that he was served with the Complaint and was aware of the diversity jurisdiction as of November 27, 2024.[1] (Dkt. No. 1-7, Notice and Acknowledgement of Receipt - Civil.) Pursuant to the removal statute, once he received the initial pleading, the 30-day period for Defendant to remove the action to federal court started. Defendant further does not dispute this conclusion. Instead, Defendant argues that during the period between December 2, 2024, and December 16-17, 2024, which is the time between the improper filing of the request for dismissal and the clerk's rejection of the request, he could not have removed the action. Defendant then makes the extreme leap that during the entire 8 months that his Motion for Order Directing the Clerk to Enter an Order Recognizing the Voluntary Dismissal of this Action with Prejudice (Dkt. No. 1-10) was pending, the 30-day statutory period was tolled. However, neither the statute nor case law provides for tolling.

No provision in 28 U.S.C.A. § 1446 or related case law allows for tolling of the 30-day removal period. Courts have consistently treated the 30-day limit as a

---

[1] Presumably, on November 27, 2024, he was aware that he was a Missouri citizen and that Plaintiff was not a Missouri citizen, such that diversity jurisdiction existed.

5

**PLAINTIFF HUNG HUYNH'S REPLY TO OPPOSITION TO MOTION TO REMAND**

procedural rule that must be strictly followed. Thus, statutory time limits are mandatory, and a failure to comply with them will result in the loss of the right to remove. (*Fristoe*, 615 F.2d at 1212.) Additionally, the time limits cannot be extended by any act of the state court or by stipulation. (*Transport Indem. Co. v. Financial Trust Co.*, 339 F.Supp. 405, 407 (C.D. 1972); *see also, Lewis v. City of Fresno*, 627 F.Supp.2d 1179, 1182 (E.D. Cal. 2008).) Not surprisingly, Defendant's Opposition does not cite any case law that authorizes the tolling of the 30-day period.

It is for this reason that the cases Defendant relies upon in the opposition are inapposite because they are factually distinguishable. The primary case Defendant relies upon is *Greising v. C.P. Chemical Co., Inc.*, 646 F.Supp. 552 (D. Minn. 1986). However, *Greising* does not discuss the issue of tolling and does not share the same facts as the current matter. Notably, in *Greising*, when the removing defendant was served with the initial pleadings, it could not remove the action because there was no diversity – one of the co-defendants was domiciled in the same state as the plaintiffs. (*Greising*, 646 F.Supp. at 553.) The removing defendant's ability to remove the action only arose when the co-defendant, domiciled in the same state as the plaintiffs, was dismissed. It was during the dismissal process that an error occurred, and the district court determined that the 30-day period for removal did not commence until the removing defendant received the corrected dismissal. (*Id*. at 555.) *Greising* is not applicable here because, in our case, the 30-day period began on November 27, 2024, when Plaintiff served the Summons and Complaint on Defendant.

However, even if we give Defendant the benefit of the doubt and there is a tolling during the period between December 2, 2024, and December 17, 2024, the removal would still be untimely. Once the court clerk rejected the request because it was improperly filed, it is undisputed that the action remained an active matter that could be removed. The parties' conduct after December 17th confirms that this matter was an active litigation that was removable. As the Court will note from the docket for this matter, the parties were actively litigating this matter, with numerous filings with the

state court.  (*See*, Supplemental Request for Judicial Notice, ¶ 1 and Exhibit 1, ROA Nos. 14 to 64.)  The state court further considered this an active matter because on February 11, 2025, it scheduled a case management conference for the case, which is usually when the matter is set for trial.  (*Id.,* Exhibit 1, ROA No. 52.)  Thus, once the clerk rejected the request for dismissal and its status as an active matter stayed the same, Defendant was on notice that he could remove this action.  Delaying the removal process for eight months is inexcusable and not authorized by the law.

Any claim that the state court's failure to hear the Motion for Order Directing the Clerk to Enter an Order Recognizing the Voluntary Dismissal of this Action with Prejudice at an earlier date is also misplaced.  As the district courts in California have consistently confirmed, the statutory time limits for removal cannot be extended by any act of the state court.  (*Transport Indem. Co.*, 339 F.Supp. at 407; *see also, Lewis*, 627 F.Supp.2d at 1182.)  Consequently, Defendant cannot use the state court as a scapegoat for his failure to remove this matter promptly.

Nevertheless, Defendant contends that after the clerk rejected the request for dismissal, their only option was to wait for the state court to issue its decision.  This is inaccurate.  Defendant had two other options, which would not have resulted in Defendant violating the 30-day rule.  *First*, Defendant could have filed his notice of removal within 30 days of service and filed a motion to dismiss in federal court on the same grounds that he asserted in his motion filed with the state court.  *Second*, Defendant could have filed an *ex parte* application to advance the hearing date and explained the exigent circumstances for having the matter heard immediately: that Defendant had 30 days to file his notice of removal and needed to have the Court hear the motion at an earlier date.  Instead of being active in protecting his rights, Defendant and his numerous law firms sat on their collective hands.  Such a lack of diligence should not be condoned.

Finally, the Court should note that Defendant does not dispute the third point that Plaintiff made in his moving papers.  With the 30-day period starting on November

27, 2024, 5 days had already lapsed when the improper dismissal was filed. That would mean that after the state court issued its decision on July 8, 2025, Defendant had only 25 days remaining to remove the lawsuit. Given the weekend, the deadline for Defendant to remove this action would be August 4, 2025. Therefore, the notice of removal was still untimely even if the Court was to generously toll the 30-day period for the entire time between December 2, 2024, and July 8, 2025.

## IV.   ATTORNEY'S FEES ARE WARRANTED

An award of attorney's fees is warranted here due to: (i) Defendant's bad faith filing of the Notice of Removal; and (ii) failure to meet and confer before the filing of this Motion despite Plaintiff's extensive efforts to hold the conference.

Defendant filed the Notice of Removal in bad faith. First, Defendant waited over 8 months to file his notice of removal. Second, Defendant's attorney, Paul Philips, filed the Notice of Removal claiming that Defendant is a citizen of Missouri. However, Mr. Philips is the same attorney who filed the prior pleadings stating that Defendant is a California citizen. Mr. Philips provides no declaration to this Court to explain his total reversal on this specific issue. Third, the law in determining an individual's domicile requires that the person be physically present in a location to make it their habitation or abode. Nowhere in his entire declaration does Defendant confirm he physically resided at the Missouri Location at any point in time. This glaring omission confirms that the Notice of Removal was filed in bad faith, as Defendant cannot even meet the first element of establishing his domicile in Missouri.

Fourth, Defendant waited until he had thoroughly exhausted the entire state court system, including the filing of an appeal, and only once discovery began, did he file his Notice of Removal.

Finally, Defendant's intention to delay and prolong this process is evident from their refusal to meet and confer with Plaintiff, leading up to the filing of this Motion. Plaintiff's counsel had to send numerous emails and leave several voicemail messages to obtain a response from Defendant's multiple law firms. When asked to conduct the

Local Rule 7-3 conference, two attorneys, Tammy Tran and Lloyd E. Kelley, claimed they were not representing Defendant in this federal action. Surprisingly, both attorneys appear as counsel in the caption for the opposition papers.

Collectively, Defendant's actions, or inactions, demonstrate that the filing of the Notice of Removal, which necessitated the need to file this Motion, was in bad faith and done simply to delay this proceeding. Consequently, attorney's fees and costs are warranted in the amount of $14,994.00.[2]

Date: September 23, 2025

**DHILLON LAW GROUP INC.**

By: */s/ Brandon Q. Tran*
Shawn E. Cowles
Brandon Q. Tran
Attorneys for Plaintiff Hung Huynh

---

[2] It should be noted that this sum does not include the additional work needed to prepare and conduct the Rule 26 conference and to prepare the Joint Report.

9

**PLAINTIFF HUNG HUYNH'S REPLY TO OPPOSITION TO MOTION TO REMAND**