**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG HUYNH,<br><br>              Plaintiff,<br><br>    v.<br><br>GERARD RICHARD WILLIAMS, III,<br><br>              Defendant. | Case No. 2:25-cv-07351-JC<br><br>ORDER (1) SUBMITTING, VACATING HEARING ON, AND GRANTING PLAINTIFF'S MOTION TO REMAND; AND (2) REMANDING THE CASE TO THE STATE COURT<br><br>[DOCKET NO. 13] |

**I.   SUMMARY**

On October 31, 2024, Plaintiff Hung Huynh ("Plaintiff"), filed a Complaint against Defendant Gerard Richard Williams, III ("Defendant"), in Orange County Superior Case No. 30-2024-01436961-CU-PO-CJC ("State Action"). (Docket No. 1-5). On November 27, 2024, Plaintiff served the Summons and Complaint on Defendant. (Docket No. 1-7). On August 7, 2025, Defendant removed the case to federal court based on diversity jurisdiction, alleging that Plaintiff is a citizen of Vietnam and Defendant is a citizen of Missouri. (Docket No. 1 at 3). The matter was thus removed to the United States District Court for the Central District of California and was subsequently assigned to this Court as to whom the parties have been deemed to consent. (See Docket Nos. 1, 2, 6, 7).

On September 4, 2025, Plaintiff filed a Motion to Remand and Request for Attorney's Fees ("Motion") along with a supporting Memorandum of Points and Authorities ("Motion Memo"), a declaration of counsel ("Tran Decl."), a Request for Judicial Notice (alternatively, "RJN"), and exhibits ("Motion Ex."). (Docket No. 13). Plaintiff contends that remand is warranted because Defendant's removal of the case to this Court (1) was untimely; and, alternatively, (2) was based on Defendant's false assertion that he is a citizen of Missouri, whereas Plaintiff contends Defendant is actually domiciled in California, making remand improper under the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2). (See Motion Memo at 3-12). On September 16, 2025, Defendant filed an Opposition to the Motion ("Opposition") and a supporting declaration of Defendant ("Def. Decl."). (Docket Nos. 16, 17). On September 23, 2025, Plaintiff filed a Reply, along with a Supplemental Request for Judicial Notice (alternatively, "Supp. RJN") and an exhibit ("Reply Ex.").[1] (Docket No. 22).

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motion appropriate for decision without oral argument.

///

---

[1] The Request for Judicial Notice asks the Court to take judicial notice of documents filed in state court cases in Texas and California, which contain allegations relevant to the determination of Defendant's domicile for purposes of diversity jurisdiction, one of the central matters at issue here. The Supplemental Request for Judicial Notice asks the Court to take judicial notice of the docket for the State Action in Orange County Superior Court before the case was removed to this Court, which is relevant to the other matter in dispute, the timeliness of removal. Defendant has objected to the latter filing – Plaintiff's copy of the State Action docket – because it was improperly filed with the Reply, depriving Defendant of an opportunity to respond to it. (See Docket No. 23). However, that exhibit is identical in all relevant respects to an exhibit that was attached to Defendant's Notice of Removal (see Docket No. 1-19), and Defendant is in no way prejudiced by it. Defendant's objection is overruled. As the state court documents submitted by Plaintiff are properly subject to judicial notice, the Request for Judicial Notice and Supplemental Request for Judicial Notice are granted. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32.

The hearing calendared for October 7, 2025 at 9:30 a.m. is hereby vacated and the Motion is taken off calendar and is submitted for decision.

For the reasons discussed below, the Motion is granted, except as to attorney's fees and costs, and the case is remanded to the Orange County Superior Court.[2] In reaching this conclusion, the Court has considered every argument made by the parties and discusses the main contentions herein.

## II. STANDARD OF REVIEW

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original subject matter jurisdiction where an action presents either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Generally, a court has diversity jurisdiction only when there is complete diversity of citizenship among adverse parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal quotation marks and brackets

---

[2] Accordingly, the Court likewise vacates the November 4, 2025 Scheduling Conference.

omitted)). If there is any doubt as to whether removal is proper, remand must be ordered. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." Id.

## III. DISCUSSION

As indicated above, Plaintiff's Motion contends that remand is warranted due to (1) the untimeliness of Defendant's removal of the case to this Court (see Motion Memo at 3-5); and (2) the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2) (see Motion Memo at 5-12). Additionally, Plaintiff seeks an award of attorney's fees and costs incurred as a result of the allegedly improper removal. (See Motion Memo at 12-13). As explained below, the Court agrees that Defendant's removal of the case was untimely as well as improper due to the forum defendant rule, though the Court does not find that such removal was objectively unreasonable. The Court therefore grants Plaintiff's Motion, except as to attorney's fees and costs, and remands this case to the state court.

### A. Removal Was Untimely

#### 1. Pertinent Law

The Ninth Circuit has explained that there are three pathways for removal of an action from state court based on diversity jurisdiction. See Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1124 (9th Cir. 2013). The first two pathways are contained in 28 U.S.C. § 1446(b) and impose thirty-day deadlines for removal. See Dietrich v. Boeing Co., 14 F.4th 1089, 1093 (9th Cir. 2021). The third pathway is based on reading 28 U.S.C. § 1446 together with 28 U.S.C. § 1441 and permits removal up to one year from the filing of the complaint, but this pathway only applies if the first two do not. See Roth, 720 F.3d at 1125-26.

The first pathway is set forth by Section 1446(b)(1) and states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).  The second pathway is set forth by Section 1446(b)(3) and states in relevant part that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

      The third pathway is based on the interaction of Section 1446 with Section 1441.  See Roth, 720 F.3d at 1125.  Section 1441(a) states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The Ninth Circuit has explained "that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth, 720 F.3d at 1125.  Thus, "a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." Id. at 1123.  The only time limit on removal under this third pathway is that a defendant must file the notice of removal within one year of the filing of the complaint. Id. at 1126 (citing 28 U.S.C. § 1446(c)(1) for the one-year time limit).

///
///

### 2. Pertinent Facts

As noted above, Plaintiff filed his Complaint in Orange County Superior Court on October 31, 2024, and served Defendant on November 27, 2024. (Docket Nos. 1-5, 1-7). Five days later, on December 2, 2024, Plaintiff's then-counsel submitted a Request for Dismissal which apparently was erroneous and had not been authorized by Plaintiff. (Docket No. 1-8). After Plaintiff's counsel then advised the court of the erroneous filing, the clerk entered a Notice of Rejection of Electronic Filing at the direction of the court on December 16, 2024. (Docket No. 1-9). The Notice of Rejection stated: "Per the courtroom, rejected at the request of Olivia Maclay at Wilshire Law Firm," which was Plaintiff's then-counsel. (Id.).

On December 27, 2024, Defendant filed his notice of appearance of counsel along with a "Motion for Order Directing the Clerk to Enter an Order Recognizing the Voluntary Dismissal of this Action with Prejudice." (Docket No. 1-10). The motion argued that the Request for Dismissal submitted on Plaintiff's behalf on December 2, 2024 immediately resulted in the case's dismissal, leaving no discretion for the clerk or the court to reject it, and instead divesting the court of jurisdiction over the case and requiring the clerk to file an order recognizing that the action had been dismissed with prejudice on December 2. (See id. at 4-6). Plaintiff opposed the motion on the grounds that he had not authorized the Request for Dismissal and its submission was due to an error. (Docket No. 1-11). The trial court heard oral arguments on July 7, 2025, and issued its final ruling on July 8, 2025, denying Defendant's Motion to Enforce Dismissal upon finding that the Request for Dismissal had been "submitted due to a miscommunication between Plaintiff and his attorney" and "was properly withdrawn by the Court at the request of Plaintiff's counsel," as Plaintiff's "intent was not to dismiss the case," and so the "dismissal was never entered." (Docket No. 1-14).

On July 10, 2025, Defendant filed a Motion for Reconsideration. (Docket No. 1-16). On July 28, 2025, Defendant filed a Petition for Writ of Mandate,

Prohibition, or Other Extraordinary Relief to appeal the state trial court's decision. (Tran Decl. ¶ 6; Motion Ex. K).  On August 1, 2025, Plaintiff served an initial round of written discovery on Defendant, consisting of Form Interrogatories, Requests for Production, and Requests for Inspection.  (Tran Decl. ¶ 8).  The California Court of Appeals denied Defendant's Petition for Writ of Mandate on August 7, 2025.  (Tran Decl. ¶ 7; Motion Ex. L).  Later that day, Defendant filed his Notice of Removal to federal court based on diversity jurisdiction.  (Docket No. 1).

### 3. Analysis

There is no dispute here that the basis for Defendant's removal of the case, diversity jurisdiction, was clear from the Complaint that was served on Defendant on November 27, 2024 (Docket No. 1-7), and thus 28 U.S.C. § 1446(b)(1) applies, under which removal would be required within thirty days of such service.  (See Motion Memo at 3-4; Opposition at 4).  Defendant contends, however, that because a Request for Dismissal was submitted to the state court on Plaintiff's behalf just five days later, on December 2, 2024, "there was no case to remove" at that point.  (Opposition at 1).  In Defendant's view, the clerk's subsequent rejection of Plaintiff's erroneous filing, on December 16, 2024, did nothing to change this fact.  Defendant asserts that he instead "[r]easonably believ[ed]" that the Request for Dismissal "took effect as soon as it [was] filed notwithstanding what [the] court clerk d[id] or d[id] not do ministerially." (Opposition at 5).  On December 27, 2024, Defendant filed his Motion For Order Directing the Clerk to Enter an Order Recognizing the Voluntary Dismissal of th[e] Action with Prejudice," which the Court denied more than five months later, on July 8, 2025.  (Docket Nos. 1-10. 1-14).  According to Defendant, "only then," on July 8, 2025, "did the [State Action] formally become 'un-dismissed' and come back into existence." (Opposition at 1; see also id. at 6 (stating that the state court's July 8 order "confirm[ed] for the first

///

time that [the State Action] was formally 'un-dismissed' and active as of such date")). However, this characterization is not supported by the record or the law.

In particular, contrary to Defendant's account, the State Action was not suddenly "un-dismissed" or rendered "active" on July 8, 2025 (see Opposition at 1, 6), because it had never been dismissed, closed, or inactive prior to that. California law provides that a plaintiff may dismiss his complaint upon written request to the clerk, "*filed with papers in the case*," at any time before trial. Cal. Civ. Proc. Code § 581(b)(1) (emphasis added); see also id. § 581(c). Such requests do not become effective unless and until they are actually "filed" in the case. As the California Court of Appeals has stated, requests for dismissal are "usually effective *upon filing*, and no other action by the clerk or the court is required." Law Offs. of Andrew L. Ellis v. Yang, 178 Cal. App. 4th 869, 876 (2009) (citations omitted) (emphasis added). Moreover, "*[u]pon the proper filing*" of such requests, "the trial court loses jurisdiction to act in the case," except to award fees and costs, and "[a]ll subsequent proceeding [are] void." Id. (citations omitted). Here, the Request for Dismissal was never "filed"; rather, it was merely *submitted* for electronic filing, erroneously, and was subsequently rejected when the error was addressed. (See Reply Ex. 1 (docket)); see also Casola v. Dexcom, Inc., 98 F.4th 947, 956 (9th Cir. 2024) (in California, "just because a document is 'submitted for electronic filing,' does not mean that it is, or will be, filed" (quoting Cal. Civ. Proc. Code § 1010.6(e)(4)(A))).

Furthermore, although "[n]either the clerk nor the trial court has any discretion" regarding a plaintiff's request for dismissal, Law Offs. of Andrew L. Ellis, 178 Cal. App. 4th at 876, the request here was not rejected simply at the discretion of the clerk or trial court. It was instead rejected at the request of Plaintiff's counsel because it had been submitted in error, and it was never Plaintiff's intent to dismiss the matter. (See Docket No. 1-9 (Notice of Removal Ex. 9)). As it was Plaintiff's "absolute right to dismiss" the action by filing such a

request, see O'Dell v. Freightliner Corp., 10 Cal. App. 4th 645, 659 (1992), he certainly had a right to prevent the filing of a dismissal request submitted erroneously on his behalf.

      The state court obviously recognized this by rejecting the filing on December 16, 2024.  (See Docket No. 1-9; Reply Ex. 1).  By that date, at the latest, it should have been clear to Defendant that the matter was not dismissed and was instead an open, pending state court action that could be removed to federal court.  Defendant fails to identify any reasonable basis for him to have believed otherwise.  Yet, Defendant delayed for nearly eight months after that before removing the case on August 7, 2025.  (See Docket No. 1).  Though he now contends otherwise, Defendant at that time did not proceed as though he actually believed the case had been dismissed and rendered inactive by the Request for Dismissal.  Rather, as indicated above, Defendant actively pursued the case's dismissal by moving for an order requiring the clerk to enter dismissal.  Indeed, even after the Superior Court denied his motion on July 8, 2025, and confirmed what had already been apparent – that "dismissal was never entered" in the case, nor should it have been (see Docket No. 1-14 at 2) – Defendant continued to press the matter in the state courts (see Docket No. 1-16; Motion Exs. K-L).

      Such actions reflect, at most, that Defendant believed the case *should have been* dismissed and that he was entitled to such dismissal, but it was Defendant's choice to litigate that procedural issue in the state courts rather than timely to remove the action to federal court.  As there is no legal basis to toll the thirty-day removal period under 28 U.S.C. § 1446(b)(1) in these circumstances, removal was untimely, and remand is warranted on this basis.  See, e.g., Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980) (noting that "the time limit is mandatory and a timely objection to a late petition will defeat removal"); Transp. Indem. Co. v. Fin. Tr. Co., 339 F. Supp. 405, 407 (C.D. Cal. 1972) ("[T]he thirty-day period [under Section 1446(b)] may not be enlarged . . . by act of the

State Court . . . ." (citing Green v. Zuck, 133 F. Supp. 436 (S.D.N.Y. 1965); Dutton v. Moody, 104 F. Supp. 838 (S.D.N.Y. 1952); Robinson v. La Chance, 209 F. Supp. 845 (D.C.N.C. 1962))).

### B. Removal Was Also Improper Due to the Forum Defendant Rule

#### 1. Pertinent Law

Under the "forum defendant rule," an action that is otherwise removable to federal court solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); see also Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."), cert. denied, 549 U.S. 1207 (2007).[3] "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be *domiciled* in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986) (emphasis added).

A person's "domicile" is the "location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" Id. at 749-50 (quoting Owens v. Huntling, 115 F.2d 160, 162 (9th Cir. 1940) (alteration in original)). "Intention to remain 'indefinitely'

---

[3]The Ninth Circuit has explained the purpose of this rule as follows:

> Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court.

Lively, 456 F.3d at 940 (citation omitted).

10

does not require an intent to stay at the new location permanently, but 'a person must intend to make that place his home for the time at least.'" Owens v. Nuxoll, 2013 WL 5553897, at *4 (E.D. Cal. Oct. 8, 2013) (quoting Johnson v. Gibson, 2011 WL 3359974, at *3 (D. Or. Aug.3, 2011)); see also Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir. 1979) ("There must be an intention to remain at the new residence indefinitely; it is not required that the intention be to stay there permanently."). Moreover, "a person's old domicile is not lost until a new one is acquired. A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." Lew, 797 F.2d at 750 (citations omitted).

      Residence, which entails only physical presence, is not equivalent to domicile, as "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citing Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.")). Nonetheless, "numerous courts treat a person's residence as prima facie evidence of the person's domicile," though the Ninth Circuit has not "yet adopted this presumption." Mondragon v. Cap. One Auto Fin., 736 F.3d 880, 885-86 (9th Cir. 2013) (citing Anderson v. Watts, 138 U.S. 694, 706 (1891); Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011) (per curiam); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 & n.28 (3d ed. 2013)). "At minimum, a person's residence constitutes *some* evidence of domicile," Adams v. W. Marine Prods., Inc., 958 F.3d 1216, 1221 (9th Cir. 2020) (citing Mondragon, 736 F.3d at 886) (emphasis in original), though a number of other factors are also

relevant to the determination, including "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew, 797 F.2d at 750 (citations omitted).

"[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." Id. It is "evaluated in terms of 'objective facts,'" and "statements of intent are entitled to little weight when in conflict with facts." Id. (quoting Freeman v. Nw. Acceptance Corp., 754 F.2d 553, 556 (5th Cir. 1985)). "[T]he actual fact of residence and a real intention of remaining there, as disclosed by [a party's] entire course of conduct, are the controlling factors in ascertaining his domicile." Freeman, 754 F.2d at 555-56. The party asserting diversity jurisdiction bears the burden of proof. Kanter, 265 F.3d at 857-58; Lew, 797 F.2d at 749.

### 2. Pertinent Facts and Contentions

As noted above, Defendant removed this case on the basis of diversity jurisdiction, alleging that Plaintiff is a citizen of Vietnam and Defendant is a citizen of Missouri. (See Docket No. 1 at 3). Defendant claimed specifically that he is domiciled at 1110 N. 19th Avenue, in Ozark, Missouri. (Docket No. 1-2 at 1). Plaintiff disputes this, contending that Defendant is instead a citizen of California, where Defendant presently resides, and thus removal was improper under the forum defendant rule. (See Motion Memo at 5-12). As support, Plaintiff has submitted state court filings from California and Texas between December 2024 and February 2025, in which Defendant alleged that he is a citizen of California and a California resident. (See Motion Ex. A at 2, Ex. B at 2, Ex. C at 2, Ex. D at 4).

Defendant does not dispute that he presently resides in California and has lived here for about fifteen years. Since about 2021, Defendant and his wife have

resided in the house they own in Newport Coast, California, while Defendant works for Qualcomm in San Diego. (See Opposition at 6, 17; Def. Decl. ¶ 17). They had moved in 2021 to Southern California from the San Francisco Bay Area of California, where Defendant had resided since taking a position at Apple in Cupertino, California, in "early 2010." (Def. Decl. ¶ 14). It was there in the Bay Area, while working at Apple, that Defendant met his current wife, and they "helped raise seven children – taking them to parks, feeding, and caring for them." (Def. Decl. ¶ 15). Prior to that, Defendant lived and worked in Texas for about fifteen years. (See Opposition at 16, 18). Moreover, because of his wife's Vietnamese heritage, Defendant is "very proud to have built connections and forged ties with the Vietnamese-American community in Texas, the Bay Area, and Orange County, the last of which is home to the largest concentration of individuals of Vietnamese origin outside of Vietnam." (Def. Decl. ¶ 17).

Yet, notwithstanding these ties established over the last nearly thirty years in California and Texas, according to Defendant, "none of those places ever truly felt like home." (Def. Decl. ¶ 13). Defendant avers that his "permanent home and true intent have always remained in Ozark, Missouri." (Def. Decl. ¶ 18).

Defendant was "born and raised" in Southwestern Missouri and alleges strong family, spiritual, and emotional connections to that area, though he apparently has not lived there since completing his master's degree at the University of Missouri, Rolla, almost thirty years ago. (See Def. Decl. ¶¶ 2-7, 13-14). The home Defendant claims as his "domicile," at 1110 North 19th Avenue, in Ozark, Missouri (see Docket No. 1-2 at 1), is his parents' current home that Defendant expects to inherit when they pass away (Def. Decl. ¶ 19). It is not the Missouri home Defendant grew up in, but he asserts that it "resembles all the memories [Defendant] carr[ries] in [his] heart from childhood." (Def. Decl. ¶ 12). His parents moved there in 2012 because they wished "to create a new home . . . so the family could live together in the same place permanently." (Def. Decl. ¶ 10).

13

Defendant's parents "want [Defendant's] family to return to Ozark because [they] will be surrounded with [his] sister and other relatives," including "about thirty uncles, aunts, and cousins." (Def. Decl. ¶ 16). Defendant thus "hold[s] a solemn promise to [his] parents to return permanently to Ozark, Missouri, to honor the home they built with their hands and hearts." (Def. Decl. ¶ 20).

Defendant and his wife assertedly share the decision to move there, and they have stored many of their "valuable personal effects" in his parents' Ozark home, including their "favorite furniture," "precious wedding clothes," and "valuable household goods that [they] received as wedding gifts"; "[m]any photos of [Defendant's] seven children"; Defendant's "precious U.S. stamp collection"; his "collection of valuable books that [he] saved and intend[s] to read again when [he] retire[s]"; and his "treasured family heirlooms and keepsakes" such as "numerous childhood, high school, college, graduation, and wedding photos, along with [his] college diplomas, technological achievements, and awards." (Def. Decl. ¶¶ 17-19). Defendant additionally states that his "plan is to transform the small town of Ozark, Missouri – home to just 24,000 people – into a technologically advanced haven, a place of opportunity built on love, community, and the values [Defendant's] parents and [he] hold so dear." (Def. Decl. ¶ 20). Defendant also "aspire[s] to one day serve as an adjunct professor at the University of Missouri, where [he] earned [his] master's degree, sharing knowledge with the next generation through teaching and writing." (Def. Decl. ¶ 23).

### 3. Analysis

Defendant fails to demonstrate that he is a citizen of Missouri rather than California, as he has offered little other than vague assertions of his emotional connection to the Ozark region and his desire to move there some day in the future. Yet, "[t]here is a difference between intention and desire." Hawes, 598 F.2d at 702; see id. at 702-03 (despite that plaintiffs did not *desire* to leave Puerto Rico, and their eldest daughter remained there as did their furniture, they clearly *intended*

to relocate to New York City for an indefinite period, as shown by their actions in renting an apartment, obtaining New York driver's license, enrolling child in school, and obtaining employment there). To the extent that Defendant claims an intention to live in Ozark, Missouri, such "statements of intent are entitled to little weight when in conflict with facts." Lew, 797 F.2d at 750. Although Ozark is allegedly his "haven" and "true home" (Def. Decl. ¶¶ 11, 24), Defendant has never lived there, and he has not resided in Missouri at all essentially since his youth, about thirty years ago, nor has he shown any *present intention* to relocate. Gilbert v. David, 235 U.S. 561, 569 (1915) ("The requisite animus is the present intention of permanent or indefinite residence in a given place or country, or, negatively expressed, the absence of any present intention of not residing there permanently or indefinitely." (citation omitted)). Among the factors that might evidence such intention are, as indicated above, "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew, 797 F.2d at 750 (citations omitted). Of these, Defendant has noted only that he retains some family and personal property in Missouri. He is silent regarding the other factors.

Such facts fall far short of demonstrating the requisite intention to relocate. See, e.g., Hossein v. Cantor, 2024 WL 866534, at *2 (C.D. Cal. Feb. 29, 2024) ("Cantor's declaration establishes only a floating intention to return at some future period to New Jersey; Cantor does not offer any evidence of a genuine plan to relocate away from California at a *definite* time. Furthermore, Cantor's statements of intent conflict with the objective facts in this case, which show that he works, lives, and pays taxes in California and has a California driver's license." (emphasis in original)). Indeed, the facts confirm that Defendant intends to remain indefinitely – albeit not permanently – at his present home with his wife in

15

California, where he has lived and worked for several years and has strong ties in the community. (See Def. Decl. ¶¶ 14-17; Opposition at 7, 17-18). That is his domicile, until he actually acquires a new one. See Lew, 797 F.2d at 750.

As such, Defendant is a citizen of California, where this action was brought, and removal was improper under the forum defendant rule. See 28 U.S.C. § 1441(b)(2); Lively, 456 F.3d at 939.

### C. An Award of Attorney's Fees and Costs Is Not Warranted

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § § 1447(c). The standard for awarding costs and fees under this provision "turn[s] on the reasonableness of the removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. (citing Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004); Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000)). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Objective reasonableness is instead assessed based on "whether the relevant case law clearly foreclosed the defendant's basis of removal." Id. at 1066 (citing Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007)).

Plaintiff argues that the Court should award attorney's fees and costs here because Defendant's removal was "plainly untimely" and was also "clearly improper under the Forum Defendant Rule, which Defendant and his counsel attempted to avoid my falsely claiming that Defendant is a citizen of Missouri." (Motion Memo at 13). Defendant contends that if the Court orders remand, an

16

1 award of fees is unwarranted because removal was objectively reasonable.  In
2 particular, Defendant asserts that the "peculiar circumstances" of the pre-removal
3 proceedings in state court "created at least a legitimate question" as to the
4 untimeliness of removal, and there was also "at least a 'close call'" as to whether
5 Defendant's domicile is in Missouri rather than California.  (Opposition at 20-21).

Upon review, though Defendant's positions on timeliness and domicile certainly lack merit – and, indeed, strain credulity – the Court cannot find that they are clearly foreclosed by the relevant case law or are otherwise objectively unreasonable.  Plaintiff's request for attorney's fees and costs is therefore denied.

## IV. ORDERS

IT THEREFORE ORDERED that (1) Plaintiff's Request and Supplemental Request for Judicial Notice are granted; (2) Plaintiff's Motion is granted, except as to attorney's fees and costs; (3) this action is remanded to the Orange County Superior Court; and (4) the Clerk shall send a copy of this Order to the Orange County Superior Court.

IT IS SO ORDERED.

DATED: October 2, 2025

                                            /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE